MICHAEL DONOVAN *vs.* THE MAYOR AND COUNCIL OF VICKSBURG.

The constitution of the State has wisely interposed its interdict against the enactment of summary laws for the seizure of property, by declaring that no person " can be deprived of his life, liberty, or property," but by due course of law.  Art. 1, § 10.  And again, it declares that " the right of trial by jury shall remain inviolate."

Donovan *v.* The Mayor and Council of Vicksburg.

A law which deprives the citizen of his property, without notice or trial, and without the opportunity to protect his rights, and of course without " due course of law," would be unconstitutional and void.

IN error from the circuit court of Warren county; Hon. R. Barnett, judge.

The facts of this case are set out in the opinion of the court.

*W. A. Lake,* for appellant, cited and commented on the Act of Leg. 1839, p. 317. *Shaw* v. *Kennedy,* 2 Taylor, 158; *St. Louis* v. *Hempstead,* 4 Missouri, 242.

*T. A. Marshall,* for appellees, in reply, cited and commented on the 22d section of the Act of 1839, incorporating the city of Vicksburg.

Mr. Justice HANDY delivered the opinion of the court.

This was a proceeding by way of prohibition on petition filed in the Warren circuit court, by the plaintiff in error, complaining that the defendants had passed an ordinance by which the city marshal was directed to seize and sell all hogs found running at large within the limits of the city, and that, under this ordinance, the marshal had seized, and was about to sell, two hogs of the petitioner. The ground of complaint is, that this ordinance is in violation of the charter powers of the city of Vicksburg. Upon the hearing of the petition, the writ of prohibition was discharged, and the petition dismissed.

It does not appear by the record in what manner the case was presented for the action of the court below. No pleading was filed on the part of the defendants; but from the order of the court disposing of the case, it must have been done on the motion of the defendants to discharge the prohibition. This would have the same effect as a demurrer, and must be taken as an admission of the facts stated in the petition.

The record shows no bill of exceptions setting forth the charter of the defendants, or the ordinance in full under which the grievance complained of was committed. And we can, therefore, look only to the petition to determine whether a suf-

ficient ground of complaint is shown to entitle the petitioner to the relief sought.

The petition shows that the ordinance complained of was of a summary nature, itself directing the city marshal to seize and sell all hogs found running at large in the city, and to pay over the proceeds of the sales one half to the use, of the hospital, and the other half to retain for his services in executing the ordinance. No process is required to be issued for the seizure or the sale, nor notice given to the owner, either actual or constructive, nor is there any opportunity given to him to appear and show cause, under any circumstances, why the ordinance should not be enforced against his property. The entire proceeding is summary, and calculated to deprive the party of his property in all cases, without notice or trial, and however clearly he might be able to show that the property seized was not within the operation of the ordinance. Upon such notice, and with an opportunity allowed him to show cause against the enforcement of the ordinance in the particular case, he might have been able to show that the hogs had just broken his inclosure, when they were seized, and that he had not time to retake and secure them, or that the inclosure had been torn down for necessary purposes during the raging of fire in the city or by a tornado, and that it was impossible under the circumstances to confine them again before they were seized; or he might have even been able to show that they were turned loose by the procurement of the parties interested in having them seized and sold.

Such being the oppressive use to which laws and ordinances of this nature may be employed, the constitution has wisely interposed its interdict against their enactment, by the provision that no person " can be deprived of his life, liberty, or property, but by due course of law." Art. 1, section 10. And again, that " the right of trial by jury shall remain inviolate."

Assuming that the ordinance in question is of the nature above stated, (and the copy of the ordinance informally set forth in the record shows that it is of this character,) it is manifest that it falls within the condemnation of these provisions of the constitution. It deprives the citizen of his property with-

out notice or trial, and without the opportunity to protect his rights, and of course without " due course of law." If such a power had been expressly conferred by the act of the legislature incorporating the city, it would have been obnoxious to the provisions of the constitution, and void; and much less can it be justified under any general powers conferred upon the corporation by their charter.

The principles applicable to this subject are ably expounded in the very learned opinion of Chief Justice Shaw, of Massachusetts, in the case of *Fisher* v. *McGirr et al.*, decided at March term, 1854, and which must remove all doubt that can be entertained with regard to the invalidity of the ordinance complained of in this case.

The act of the legislature under which this ordinance was made, is not properly presented in the record, and we therefore express no opinion as to the extent to which it was contemplated that the power over the subject-matter in question should be exercised by the corporation. But it is clear that, under no circumstances, could it be exercised in the manner and to the extent here complained of.

The judgment is reversed, and the cause remanded for further proceedings.