HOUGHTON *vs.* BACHMAN and VANDEMARK.

An officer has a right, by virtue of a warrant for grand larceny, when he arrests the accused, to seize and take before the magistrate the property alleged to have been stolen, when the same is found on the person or in the possession of the accused, and is pointed out to the officer, on his demand or request, as that described in the process.

The magistrate before whom such property is brought has authority to order the delivery thereof to the person from whom it was alleged to have been stolen, if on examination of the accused he adjudges that it was so stolen, and that such person is the owner.

Where an officer takes property into his custody under a valid warrant legally authorizing him to do so, the fact that he has in his possession another process, whether valid or not, which he might have used had it been necessary, will not affect the question of his liability for the taking.

THIS was an action to recover the value of personal property alleged to have been wrongfully taken and converted by the defendants. In October, 1865, the defendant Bachman was a justice of the peace, and the defendant Vandermark a constable, of the town of Waterloo, Seneca county. One Hubbell made complaint before said Bachman, charging the plaintiff with grand larceny, in stealing the property in suit. Upon such complaint a warrant for grand larceny was issued, by the said magistrate, and delivered to Vandermark to be executed. At the same time complaint was made by Hubbell, that the property alleged to be stolen was concealed on the plaintiff's premises in Batavia, Genesee county, and the justice issued and delivered to the constable a search

warrant, commanding him to search the plaintiff's premises, and bring the property before the magistrate, if found. The defendant Vandermark went to Batavia with these warrants, and there applied to a justice of the peace, who, on proper proof, indorsed the warrant for grand larceny with authority to execute the same in Genesee county. The search warrant was also shown to such justice, and he informed the officer that it was "not good," and did not indorse the same. The constable then went to the plaintiff's premises, a hotel in Batavia, and told the plaintiff that he had two warrants, and arrested him on the warrant for grand larceny, and told him that he wanted the property. The plaintiff showed the constable where the property was, and he took possession of it and took it,. with the plaintiff in his custody, before the magistrate .at Waterloo. An examination of the plaintiff was there had, before said magistrate, on the charge of grand larceny, which resulted in said plaintiff's being held to bail to answer for such offense at the next court of sessions in said county of Seneca. No proceedings appear to have been had before said magistrate on the search warrant. The plaintiff afterwards demanded the property of the constable, who refused to deliver it up; and, as the plaintiff testified, of the magistrate, who also refused to deliver it; and said magistrate afterward delivered the property to the complainant, Hubbell, as the owner thereof.

On the trial of the action the court charged the jury, in substance, that for the purpose of disposing of the case, they might lay the search warrant out of view; (to which the plaintiff duly excepted;) and that under and by virtue of the warrant for grand larceny, it was the right of the officer, when he arrested the plaintiff and found the property in his possession, to take the property before the justice issuing the warrant; and that this warrant furnishes complete authority and protection for taking the property, and no liability attached to either defendant therefor; to each branch of which charge the plaintiff's counsel excepted. The court

further charged, that if on examination the justice adjudged that the property had been stolen, and that it belonged to Hubbell, and ordered it to be delivered to him, the defendants were justified in delivering it to Hubbell, and they would not incur any liability to the plaintiff. To this part of the charge the plaintiff also duly excepted. The plaintiff's counsel requested the court to charge that if the jury should find as a fact, from the evidence, that at the time of the taking of the property, the officer assumed and claimed to do so *solely* under and by virtue of the search warrant, the defendants would be liable for such taking. The court declined so to charge, on the ground that there was no evidence warranting a finding that the officer assumed and claimed to take the property *solely* under and by virtue of the search warrant. To which refusal the plaintiff duly excepted. The court further charged that it was wholly immaterial whether the officer assumed and claimed to take the property under both warrants, or under the warrant for grand larceny. He had in his hands a valid warrant, under which he was legally authorized to take it, and the fact that he also had another warrant, which was void, did not at all affect the question of his rights or liability in the premises. To this charge the plaintiff also excepted. There was no question made, upon the trial, as to the validity or regularity of the warrant for grand larceny, of which a copy only was produced.

The defendants had a verdict; and the plaintiff appealed from the judgment entered thereon, on a case and exceptions duly settled.

*M. H. Peck,* for the appellant.

*S. G. Hadley,* for the respondent.

*By the Court,* DAVIS, J. The search warrant was invalid. The justice had no power to issue that process to be executed

in a foreign county. The warrant for grand larceny was, however, properly issued. The objections now taken to its sufficiency in *form*, can not be heard on this appeal. They *were not raised in the court below;* and as the original was not produced, but a paper purporting to be a copy was used, we must assume that if the objections to the recitals of the warrant had been made on the trial, they would have been met by the production of the original, or the correction of any error made in copying. The case was tried upon the mutual assumption that the warrant for grand larceny was regular, in form and substance. It appeard that the constable applied to a justice of the peace of Genesee county, and procured the proper indorsement to be made on the warrant for grand larceny; but none was made on the search warrant. When he went to the plaintiff's premises he told him he had both warrants, and asked for the property. The plaintiff at once pointed it out to him. He arrested the plaintiff and took possession of the property. The facts proved by the plaintiff show that there was no occasion to execute the search warrant. The property was not concealed, nor attempted to be; and no search for it was necessary. The search warrant seems not to have been returned, and no proceedings were taken upon it before the magistrate. I think the circuit judge was right in holding that the evidence did not warrant the assumption that the officer took the property *solely* by virtue of and under the search warrant. The questions of the case are therefore narrowed down, first, to whether the officer had a right by virtue of the warrant for grand larceny, when he arrested the plaintiff, to seize and take before the magistrate the property alleged to be stolen, when found in the possession of the party charged with having stolen the same, and pointed out to the officer, on his demand or request; and, second, whether a magistrate before whom such property was brought, had authority to order the delivery thereof to the party from whom it was alleged to have been stolen; if on examination of the

accused he adjudged that it was so stolen, and that such party was the owner.

On the first of these questions, I suppose there can be no doubt of the authority and duty of an officer charged with the execution of a warrant for grand larceny, not only to arrest the accused, but to take into his custody the property described in his warrant, if he finds it on the person, or in the possession of the accused. He has no power under such process to search the house or premises of the accused for concealed property. For this purpose another process is necessary; but he may search the person of the alleged thief, or take into custody the property, if in his possession, and pointed out to him as that described in the process. The ends of justice demand that this power should exist, and the common law and its usages have sanctioned its exercise from time immemorial.

In this case it distinctly appears that after the defendant Vandermark informed the plaintiff that he had the two warrants named, and wanted the property alleged to be stolen, the latter pointed out the property to him. The officer was justified on such a state of facts, in taking it into his custody and carrying it before the examining magistrate; and the fact that he had in his possession another process, whether valid or not, which he would or might have used had it become necessary to do so in order to find the property, can have no important bearing upon the question of his liability.

In my judgment the court committed no error in the charge or refusal to charge on this branch of the case.

The second question relates to the authority of the magistrate to order the delivery of the property to the party from whom he adjudges it to have been stolen. The provisions of the statute on this subject are as follows: (Sec. 81.) "When property *alleged* to have been stolen shall come into the custody of any constable, marshal, sheriff, or other person authorized to perform the duties of any such officer, he *shall*

Houghton *v.* Bachman.

hold the same subject to the order of the officers hereinafter authorized to direct the disposition thereof." (Sec. 82.) "Upon receiving satisfactory proof of the title of any owner of *such* property, the *magistrate* who shall take the examination of the person accused of stealing such property, may order the same to be delivered to such owner, on his paying the reasonable and necessary expenses incurred in the preservation of such property, to be certified by such magistrate, which order shall entitle such owner to demand and receive such property." (3 *R. S. 5th ed.* 1042; *1st ed.* 747.)

The first of these sections contains very explicit directions for the conduct of the officer in whose custody such property may be. He is simply to retain its custody, subject to the order of the proper magistrate or court. His obedience of this requirement and consequent refusal to deliver the property to any claimant, can not be permitted to subject him to an action, because his acts in that behalf are in obedience to the express mandates of the law. He is made a custodian of the property for certain purposes essential to the administration of criminal justice, and is and ought to be protected in the discharge of the statutory duty devolved upon him. The second section clothes the examining magistrate with power over the custody of the property. If the evidence adduced before him satisfies him, judicially, that the property has in fact been stolen, and that the claimant is the actual owner, he has authority in his judicial capacity to order its delivery to such claimant. The law can no more subject him to an action for this, than for holding the accused for trial, or any other adjudication he may make in the course of the proceedings before him. It is not intended that his order shall have any effect to settle the question of title. The accused is not thereby deprived of his property. He is still at liberty to take any legal steps he may choose, to recover the property or its possession from the person to whom it is delivered, and the order of the magistrate would

be no estoppel upon the question of title. Its simple and only operation is, to dispose of the possession of property already in the custody of the law; leaving the title open to vindication by any party claiming to have it. For the purpose of investigating, discovering and punishing an alleged crime, the law has taken into its own custody the possession of the property which is claimed to have been the subject matter of the offense; and it provides for the disposition of such custody after the *prima facie* establishment of guilt, by a judicial proceeding; and I think no action will lie against the officer who is called upon to make, and does make, such adjudication. It would lead to a monstrous perversion of justice if, at the close of an examination, the accused, on being held for trial, could rightfully demand the delivery of the property to himself, at the peril of a suit against the officer who detained it. And so the statute has wisely provided that pending the proceedings to investigate and try the alleged offense, the custody of the property alleged to be stolen shall be subject to the order of a judicial tribunal.

It must be assumed, for the contrary does not appear, that the learned judge put the question fully to the jury, whether the defendants were detaining the property in good faith pending the investigation, and whether the magistrate made his order for the delivery upon proof of ownership, satisfactory to him, in the course of his judicial proceedings; and that the rules of law laid down by him were dependent in their application upon the findings of the jury as to those facts; and upon such a presumption I think the charge and rulings were right, and should be upheld.

It is now insisted that the tent *poles* were not included in the warrant, and that as to them, the plaintiff should have been permitted to recover. It is enough to say that no such distinction was pointed out at the trial, and no request was made to distinguish them from the residue of the property.

The poles were treated as parts or appurtenances of the tent (as doubtless they were) and this discrimination, urged on the argument, seems to have been an afterthought.

I am of opinion that the judgment should be affirmed.

Judgment affirmed.

[ERIE GENERAL TERM, November 19, 1866. *Grover, Daniels, Marvin* and *Davis,* Justices.]