ELBRIDGE G. BENNETT *vs.* CHARLES C. DAVIS.

Cumberland.   Opinion March 8, 1897.

*Taxes.   Constitutional Law.   Declaration of Rights, §§ 6, 19; R. S., c. 6, § 205; Stat. 1895, c. 70, § 11.*

The revised statutes, c. 6, § 205, as amended by statute of 1895, c. 70, § 11, requiring the owner of land sold for non-payment of taxes to deposit with the clerk of courts the amount of all taxes, interest and costs accrued up to that time, before he can be admitted to contest the validity of the tax or sale, is unconstitutional.

It infringes upon the constitutional right of the citizen.  (1)—Not to be deprived of his property, but by the judgment of his peers or by the law of the land; (2)—To have remedy by due course of law for any injury done his property ; and (3)—to have right and justice administered to him freely and without sale.

ON EXCEPTIONS BY PLAINTIFF.

This was a petition for partition of real estate, situated in Cape Elizabeth, brought under R. S., c. 88, the petitioner claiming one-half interest therein, and admitting that the respondent was the owner of the remaining one-half interest.

The respondent pleaded that he was the owner and seized of the whole of the real estate described in the petition, and that the petitioner had no interest therein.

Under these pleadings the presiding justice ordered, under § 9 of said chapter, that there first be a separate trial of the claim of title of the respondent to the whole property as pleaded by him.

In support of his claim of title to the whole of said real estate the respondent introduced in evidence certain tax deeds of said real estate from the treasurer of the town of Cape Elizabeth for taxes assessed in 1883, 1884 and 1891, also certain quitclaim

deeds, claiming by said tax deeds and quitclaims to him to make a prima facie case of title to said real estate sufficient to require the petitioner to make the deposit required by § 205, c. 6, R. S.

The petitioner claimed that the tax deeds were defective and void, making specific objections thereto, and that the same together with the quitclaims did not make a prima facie case of title requiring him to make said deposit.

The presiding judge overruled pro forma the objections of the petitioner, and ruled pro forma that the tax deeds and quitclaims made a prima facie case of title.

To all these rulings the petitioner excepted.

*M. P. Frank and P. J. Larrabee,* for plaintiff.

*Carroll W. Morrill and Geo. Libby,* for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WIS-WELL, STROUT, JJ.

EMERY, J. The petitioner at one time owned in fee one undivided half of the land sought to be divided. The respondent undertakes to show that the petitioner's estate has been transferred to him. To show this transfer he introduces deeds of the petitioner's interest in the land from the treasurer of the town of Cape Elizabeth, in which the land is situated, to the town, and then traces title by mesne conveyances from the town to himself. These deeds from the treasurer of the town purport to be official deeds of the land as sold for non-payment of taxes thereon and are regularly executed and recorded. The respondent offered no other evidence of any transfer of the petitioner's title.

The court has repeatedly held, however, and consonant with reason as well as authority, that such deeds alone are not even prima facie evidence of a lawful assessment of a tax upon the land, nor of legal proceedings for a sale of the land for non-payment of such tax, and hence are no evidence that a land owner has been deprived of his property according to "the law of the land." *Phillips* v. *Sherman,* 61 Maine, 548; *Rackliff* v. *Look,* 69 Maine, 516; *Libby* v. *Mayberry,* 80 Maine, 137; *Ladd* v. *Dickey,* 84

Maine, 190 ; *Skowhegan Savings Bank* v. *Parsons*, 86 Maine, 514 ; *Maddocks* v. *Stevens*, 89 Maine, 336.

The respondent cites against these decisions the statute, R. S. c. 6, § 205, as amended by § 11 of chapter 70 of the laws of 1895, which declares, in effect, that such a deed shall be sufficient and conclusive evidence of the lawful alienation of the original owner's property though against his will, unless he shall have deposited with the clerk of the court the amount of all taxes, interest and costs accrued up to the time. The petitioner did not make this required deposit, and the respondent contends that, by force of the statute cited, the deeds are now to be taken as conclusive evidence of his own title.

The form of the pro forma ruling was that the treasurer's deeds were sufficient in form and execution to make them prima facie evidence under the statute. In effect, however, the ruling was that the petitioner must make the deposit named before he could be heard to question the prima facie evidence ; or in other words, that the deeds were conclusive evidence of title if the petitioner did not make the deposit. The question, therefore, is whether the petitioner can be lawfully required to make the deposit named in the statute, before contesting the validity of the assessment and sale of his land for taxes.

In *Dunn* v. *Snell*, 74 Maine, 22, the court strongly suggested, though without expressly deciding, that the owner of property is protected by the constitution against the statute cited. Finding the statute again invoked, and this time in such a way that it can not fairly be avoided, we have again carefully considered the question of its constitutionality. In our consideration we have given, as we should, great weight to the legislative opinion, and have kept in view the rule that no statute is to be declared unconstitutional unless it appears to be unmistakably so. In this case, however, we are constrained to declare it our unhesitating opinion that this statute is against the plain letter and spirit of the constitution of this State and that of the United States.

Among the rights constitutionally guaranteed to the citizen against governmental action are—(1) to have remedy by due

course of law for any injury done his property;—(2) to have right and justice administered to him freely and without sale (Maine Declaration of Rights, § 19);—(3) not to be deprived of his property but by the judgment of his peers, or by the law of the land (Maine Declaration of Rights, § 6). This last named guarantee is enforced by § 1 of Art. XIV of the Constitution of the United States, which declares that no state shall deprive any person of life, liberty or property without due process of law.

While the legislature may regulate the use of legal remedies, may require the payment of various fees, and may require security to be given for fees and costs, the requirement of this statute is not within either category. This requirement practically is that before he "begins" his action, or his defense, he shall pay into court the whole sum claimed against him including interest and costs. With such an obstacle placed in his way by the legislature, the citizen can not be truly said to have remedy by due course of law, or to have right and justice administered to him freely and without sale. As well might the legislature undertake to enact that no defendant shall begin his defense until he pays into court the whole sum demanded of him. It is not what has been done, or ordinarily would be done under a statute, but what might be done under it that determines whether it infringes upon the constitutional right of the citizen. The constitution guards against the chances of infringement. It is evident that under this statute the citizen might in some cases be practically deprived of all remedy.

Again, the statute in effect undertakes to deprive the citizen of his property without his consent, and without procedure according to the "law of the land," or "without due process of law." The phrases "law of the land" and "due process of law" as used in constitutions are similar in meaning. They both imply a judgment by an authorized tribunal after an opportunity for a hearing. There must be some sort of a tribunal, some opportunity for a hearing, and some sort of an adjudication. These requirements at least are ingrain in the fundamental law. The legislature can not make that "due process of law" or the "law of the land" which

is not that in the constitutional sense. *Saco* v. *Wentworth*, 37 Maine, 165 ; *Dunn* v. *Burleigh*, 62 Maine, 24 ; *Portland* v. *Bangor*, 65 Maine, 120. While the legislature may impose a specific tax on specific kinds of property, a tax which shall be self-assessing, without providing any tribunal to hear and assess, yet, when the amount of the tax is to depend on the value of the property, the property owner is constitutionally entitled to some kind of a tribunal to judicially determine that value, and is also entitled to an opportunity to be heard before that tribunal. *Hagar* v. *Reclamation Dist.* 111 U. S. 701.

In violation of this constitutional guarantee this statute undertakes to make the ex-parte act of a mere ministerial officer deprive the owner of his property. A town collector of taxes, or a town treasurer, is a mere ministerial officer. He has no power to hear and determine, but only to act. His executing and delivering a tax deed of the land of one citizen to another citizen is a pure ministerial act. The statute assumes to say that the property owner in the first instance shall not question the authority of the ministerial officer nor the conclusiveness of the ministerial act to transfer his property. This is clearly undertaking to deprive him of his property " without due process of law " and otherwise than " by the law of the land."

It is true, and should not be forgotten, that under this statute the property owner may question the authority of the officer and the conclusiveness of his deed by paying into court the amount of the taxes, interest and costs claimed. It is not stated how this amount to be deposited shall be ascertained, whether from the recitals in the deed, or from evidence adduced by the parties, but since the deed is made evidence of title its recitals are evidently intended to be taken as true in the first instance. No mode is pointed out for the owner to question the amount to be deposited. He can not " begin " to question anything until he has made the deposit. He must deposit enough at his peril. His only safety is to deposit the amount claimed by the grantee to have been paid, or at least the amount recited in the deed as having accrued. This enables the adverse party by his claims, or the officer by his

recitals, to sequester any amount of the citizen's property and deprive him of its use, or to completely shut him out from asserting his title. As said above, not what probably would happen, but what might or could happen under a statute, is the true test of its character, and this statute might put the citizen at the mercy of his adversary, or at least of a ministerial officer,—a result abhorrent to the very nature of constitutional government. As well might the legislature undertake to enact that a sheriff's deed alone should be conclusive evidence as against the owner of the land that his land had been transferred to the sheriff's grantee, unless the owner should first pay into court whatever sum was claimed, or recited to be due from the owner to the grantee.

In addition to the authorities cited in *Dunn* v. *Snell*, supra, others may be adduced. In New York, the legislature undertook to enact that if a judgment debtor or his assigns desired to effectually enforce his own title against that of the purchaser of his land at execution sale he must pay to such purchaser, or his assigns, the amount paid by him upon the sale with interest and the costs of defending the execution title. The court held the statute to be in contravention of the constitutional guarantee to the citizen of his legal remedy. *Gilman* v. *Tucker*, 128 N. Y. 190. In *Cromwell* v. *MacLean*, 123 N. Y. 475, it was held that the legislature could not validate a void tax or a void tax sale. In *Marx* v. *Hanthorn*, 148 U. S. 172, it was declared that the legislature of a state could not make a tax deed conclusive evidence of the validity of the tax assessment and tax sale. See also *Craig* v. *Flanigan*, 21 Ark. 319 ; *Pope* v. *Macon*, 23 Ark. 644.

It is to be noted that we do not decide that the legislature can not make a tax deed prima facie evidence of title, leaving the original owner free to contest it,—nor do we decide whether that is the effect of this statute. We express no opinion on that point. We only decide that the legislature can not impose the condition named in this statute upon the owner's right to assert or defend his title or claim. The pro forma ruling practically enforced that condition and hence must be overruled.

*Exceptions sustained.*