[S. F. No. 4651.  In Bank.—January 3, 1907.]

# BOCA AND LOYALTON RAILROAD COMPANY, Petitioner, v. SUPERIOR COURT OF LASSEN COUNTY, Respondent.

FORECLOSURE AGAINST RAILROAD COMPANY — CROSSINGS BY ANOTHER COMPANY—INJUNCTION—EX PARTE ORDER REMOVING TRACK—DUE PROCESS OF LAW—CERTIORARI.—In an action to foreclose a trust-deed securing bonds of one railroad company, in which another railroad company is defendant, and by answer claimed rights of way for two crossings over the track of the first company, which were in place and operation and superior to the rights of the foreclosing plaintiff, an *ex parte* order on affidavits removing entirely the track of one of the crossings, as being maintained in violation of a temporary injunction obtained by the foreclosing plaintiff in another suit to enjoin its use, without any notice or other opportunity of the company operating the crossing to be heard prior to its removal, is in violation of the constitutional guaranty that no one shall be deprived of property without due process of law, and will be annulled upon *certiorari*.

ID.—CONSTRUCTION OF CODE — VACATION OF EX PARTE ORDER UPON NOTICE—PROVISION INAPPLICABLE TO VOID ORDER.—Section 937 of the Code of Civil Procedure, in regard to the vacation upon notice of *ex parte* orders, is applicable only to such orders as a judge has power to make without notice, and has no application to a void *ex parte* order outside of the jurisdiction of the court, the effect of which is to deprive a person of property without due process of law.

ID.—SUSPENSION OF INJUNCTION—RECONSTRUCTION OF TRACK—RETENTION BY COURT OF RAILS REMOVED—QUESTION NOT MOOT—ANNULMENT OF ORDER.—Although the injunction was suspended and the railroad company reconstructed the crossing removed, yet where the court by its agent retained the rails removed, and refused to vacate the order removing the track on motion of such railroad company, the question has not become moot by reason of the reconstruction of the track, and the order removing it will be annulled upon *certiorari*.

ID.—ABSENCE OF OTHER ADEQUATE REMEDY.—The order complained of directing an agent of the court to remove the track is neither an order granting an injunction nor an order appointing a receiver, and was not appealable; and the petitioner has no other plain, speedy, or adequate remedy which can preclude the remedy by *certiorari*.

PROCEEDING in Certiorari to review and annul an order of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

E. De Los Magee, for Petitioner.

Dodge, Parker & Knight, for Respondent.

ANGELLOTTI, J.—This is a proceeding in *certiorari*, to review an order of the superior court of Lassen County made July 14, 1906, in an action pending in that court. That action was one brought by the California Safe Deposit and Trust Company, a corporation, to enforce by foreclosure the lien created by a certain trust-deed or mortgage given to secure the payment of bonds issued by the Sierra Valleys Railway Company, and covering the railroad property of such last-named company situated in Lassen and Plumas counties. The plaintiff here, the Boca and Loyalton Railroad Company, was made a party defendant in that action, the allegation being that it claimed some interest in the property as purchaser or judgment creditor, or otherwise, which interest was subject to the lien of the plaintiff's trust-deed or mortgage. The relief sought was a sale of the mortgaged property, the application of the proceeds to the payment of the indebtedness, costs, etc., and a judgment against the Sierra Valleys Railway Company for any deficiency that might remain after such application. The Boca and Loyalton Railroad Company, on June 1, 1906, answered in that action, claiming among other things a right of way for two crossings for its railroad over the right of way and track of the Sierra Valleys Railway Company in Plumas County, which crossings had been put in place and were being operated by plaintiff. The claim of plaintiff here was alleged to be superior to the lien of the trust-deed or mortgage, and was based upon an alleged purchase at execution sale, and also upon certain orders made in a condemnation suit brought by said plaintiff in the superior court of Plumas County, which action is still pending. On June 19, 1906, the California Safe Deposit and Trust Company instituted an action in the superior court of Lassen

County against plaintiff here, for an injunction restraining
plaintiff from using one of said crossings in the operation of
its railroad, the ground thereof being that such use was with-
out right, and would depreciate the value of the mortgage
security to the damage of the bondholders and the Sierra
Valleys Railway Company. A preliminary injunction in ac-
cordance with the prayer of the complaint was thereupon
granted. There is a claim that this injunction proceeding
was dismissed by the plaintiff on June 30, 1906, but we will
here assume that the action was never effectually dismissed,
and is still pending. On July 14, 1906, the Sierra Valleys
Railway Company, defendant in the foreclosure action, with
the express consent of the Nevada-California-Oregon Rail-
way, the holder of bonds secured by the trust-deed or mort-
gage, presented in the foreclosure suit its notice of a motion,
to be made on August 20, 1906, for the discharge and removal
of the plaintiff trustee, on the ground that such trustee was
seeking, to the prejudice of the bondholders and the Sierra
Valleys Railway Company, to dismiss the injunction proceed-
ing. Affidavits presented in connection therewith showed
violations by the Boca and Loyalton Railroad Company of the
injunction issued in the injunction proceeding. Upon read-
ing and filing the notice of motion, and the accompanying
papers, the judge of the superior court of Lassen County, in
chambers, and without any notice whatever or opportunity
for hearing to the Boca and Loyalton Railroad Company, and
without requiring any bond or security, on July 14, 1906, made
the order here under review. That order recites that it has
been made to appear satisfactorily to such judge by such show-
ing that the Boca and Loyalton Railroad Company, aided
and abetted by the trustee, has been using said crossings in
violation of the injunction granted in the other proceeding,
and that such use is detrimental to the interests of the Sierra
Valleys Railway Company and the bondholders, and then pro-
vides as follows:—

"Now therefore, it is ordered that so much of the said
crossing and of all and singular the track, rails, ties and ma-
terials of every kind as are not properly a part of the road-
bed, railroad and ties, or either, of said Sierra Valleys Rail-
way Company, which were placed, laid, erected or constructed,
or which now lie in, over or upon or across the right of way,

road-bed and track, or either, or any of them, of said Sierra Valleys Railway Company at the point or in the section, township and range aforesaid, be taken up and removed in such manner as may be or may to the person hereinafter appointed for that purpose, seem necessary or proper, and that when so removed the ties and steel and iron so taken up and removed shall be properly placed and safely kept in as good order and condition as the circumstances permit and so that same shall not and may not until further order of this court be had or taken possession of by said Boca and Loyalton Railroad Company.

"And it is further ordered, that any rail, a portion of which is now or at the time of said removal in place upon said right of way shall be taken up and removed its entire length and not cut unless interference with such removal be made or offered, in which event same may be removed in part or otherwise as circumstances may require.

"And the parties hereto, all and singular, their and each of their agents, servants and employees, and all persons acting or purporting to act under, in aid or assistance, or by permission or authority of them or of either or any of them are hereby required to refrain from any and all acts of violence, and from in any wise interfering with, but any of them may aid, the execution thereof; and said defendant is particularly enjoined not to interfere with, or in any manner obstruct the removal of said crossing, track, rails, ties and materials, in the manner aforesaid, but to permit the same to be done peaceably and quietly, without let or hindrance.

"It is further ordered that P. F. Kinney, of Reno, Nevada, be, and he is hereby appointed as the agent and representative of this court to see that the order is carried into effect according to its true intent and meaning, and with all reasonable dispatch, with authority to and in him to call to his assistance, employ and deputize any and all persons to him seeming to be necessary or proper in so doing and therein to use such means and force as may seem necessary for the proper execution hereof; and he the said P. F. Kinney is hereby instructed to make full report to us of all his proceedings as such agent.

"All costs and charges for the purpose of the enforcement of this order shall be at the sole cost and expense of said Sierra Valleys Railway Company."

In accord with the terms of this order, the agent appointed by the court, on the fourteenth and fifteenth days of July, 1906, removed said crossing, and holds the rails and ties removed in a safe place and subject to the further order of the court.

On July 26, 1906, plaintiff here moved the superior court to vacate said order, and this motion was denied on the same day.

It is alleged in what is styled a supplemental return, that on July 18, 1906, the court suspended the injunction issued in the injunction proceeding, and that on the same day the Boca and Loyalton Railroad Company did itself replace the crossing removed, and has ever since continually used the same. These allegations are material only upon the question as to whether this proceeding in *certiorari*, instituted July 30, 1906, is not a moot case, involving no actual controversy.

We know of no rule of law that can be successfully invoked in support of the order under review. It cannot be disputed that its effect was to deprive the Boca and Loyalton Railroad Company of property of which it was in the peaceable possession, and to take from it property of which it claimed to be, and was in fact, admitted to be the owner, and this, it seems clear to us, was done without the due process of law guaranteed by both federal and state constitutions. Whether it was entitled to have this property remain in the place where it was, constituting a railroad-crossing over the right of way and track of the Sierra Valleys Railway Company, which was its claim made by the allegations of its answer in the foreclosure action, was a question that could only be legally determined in an orderly manner, in consonance with the rules and principles established by our jurisprudence for the determination of controversies as to property rights. The crossing constructed and maintained by it under claim of right could not be legally torn up and converted into mere rails and ties, and those rails and ties, admittedly owned by it, removed and withheld from its possession, without some kind of notice and an opportunity to appear and be heard in support of its claim, for that much certainly is included in the constitutional guaranty that one shall not be deprived of property without due process of law. (8 Cyc. 1084.) It may be admitted that in a proper pro-

ceeding brought to obtain an injunction prohibiting it from using the crossing an order for the issuance of a temporary injunction prohibiting such use might legally have been made without notice. Such was the order made in the injunction case. In such a case the party restrained would, pending the determination of proceedings on his part to dissolve the injunction, be secured by the bond required by our statute to be given. But there is nothing in our law warranting a court in ordering, without notice to the person maintaining the same in place under a claim of right, the removal of such a crossing and the confiscation of the materials composing the same. The order complained of is in violation of the constitutional guaranty heretofore referred to, and is for that reason void. This seems so plain as not to require further discussion. There are other objections made going to the question of the validity of this order, which it is unnecessary here to notice.

It is urged that under section 937 of the Code of Civil Procedure the only remedy in case of an order made without notice to the adverse party is an application to the judge, *ex parte* or on notice, that it be vacated, which application is addressed to the discretion of the court. Manifestly, this provision of law is applicable only to such orders as a court or judge has power or jurisdiction to make without notice. It is not within the jurisdiction of a court or judge to deprive a person of property without due process of law, and a purported order having such an effect may be annulled on *certiorari.*

Our law provides that the writ of *certiorari* may issue only where there is no appeal, and, in the judgment of the court, no plain, speedy, and adequate remedy. (Code Civ. Proc., sec. 1068.) It is suggested that the order complained of is in effect either an order granting a mandatory injunction or an order appointing a receiver, from either of which orders an appeal would lie. (Code Civ. Proc., sec. 963, subd. 2.) Manifestly, it is neither an order granting an injunction nor an order appointing a receiver. It does not prohibit or command the performance of any act by any party to the action, but simply purports, in an ordinary foreclosure action, to empower a third person, who is not a party to the action and who is designated as an agent of the court, to remove and retain the property of petitioner. There is no suggestion in

the record of the appointment of a ''receiver,'' in the sense in which that term is used in law. A receiver may, under certain circumstances, be appointed in a foreclosure proceeding to take possession and control *of the mortgaged property,* but the property here ordered taken admittedly constituted no part of such property. The order was not appealable, and we cannot see that plaintiff had any other plain, speedy, and adequate remedy against the same.

As we understand the record, although plaintiff has reconstructed a crossing at the original place, the materials of the old crossing removed by the agent of the court are still withheld from the possession of plaintiff under the terms of said order, which order the court has refused to vacate, although motion in that behalf was made by plaintiff. Under these circumstances it cannot be held that we have before us only a moot case, involving no actual controversy.

The order under review must be annulled, and it is so ordered.

Shaw, J., Sloss, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.