[Civ. No. 613. First Appellate District.—February 9, 1910.]

## MODERN LOAN COMPANY, Respondent, v. THE POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and E. P. SHORTALL, Judge Thereof, Appellants.

CONSTITUTIONAL LAW—SEARCH-WARRANT PROCEEDINGS—SUMMARY DIS-POSITION OF PROPERTY—WANT OF DUE PROCESS—CODE PROVISIONS VOID.—The provisions of sections 1408 and 1409, in so far as they are made applicable to search-warrant proceedings by section 1586 of the Penal Code, are void, as authorizing the magistrate in an *ex parte* proceeding to determine the title to property taken from the possession of a third party, without any trial or hearing, and to order it delivered up to the party who instituted the search-warrant proceeding. A proceeding permitting this contravenes the state and federal constitutions providing that a person cannot be deprived of his property without due process of law.

ID.—POSSESSION UNDER CLAIM OF RIGHT—NATURE OF DUE PROCESS—PROVISION FOR NOTICE AND HEARING.—One who is in the possession of property under a claim of right cannot be deprived of the possession without due process of law. To constitute due process of law the statute must provide for notice of a time and place of hearing, giving to the parties an opportunity of presenting in a deliberate, regular and orderly method issues of fact and law to the court, or to a court and jury, unless a jury is waived.

ID.—STATUTORY MEANS OF ENFORCING RIGHT ESSENTIAL—DISCRETION INSUFFICIENT.—It is essential to the validity of the statute that it furnish the means whereby one may enforce his constitutional rights. It is no answer that the court may provide for a notice and hearing; for the right of a person to have his day in court must rest upon something more substantial than favor or discretion. The essential validity of the law is to be tested not by what has been done under it, but what may by its authority be done.

ID.—INCIDENTAL DISPOSITION OF PROPERTY IN SEARCH-WARRANT—PROCEEDINGS NOT CONCLUSIVE—CLAIM AND DELIVERY.—The incidental disposition of title in search-warrant proceedings is not conclusive; and the possessor from whom it was taken may reclaim it in an action of claim and delivery.

ID.—STATUTE AUTHORIZING TRANSFER OF POSSESSION.—A statute purporting to authorize a transfer of possession from one person claiming a right of possession to another claiming the same right, such possession being an essential part of property, without notice and opportunity to the party from whom the possession was taken to be heard, is not consistent with constitutional safeguards. A

court cannot take possession away from such party in possession, without a hearing and compel him to prove title to regain it.

ID.—INNOCENT PROPERTY.—Such property as is here involved is innocent property, threatening no danger to the public welfare; and there is no reason why the possessor who claims it should not be awarded by statute an ample opportunity to make his defense.

ID.—LAWFUL AND UNLAWFUL DISPOSITION OF POSSESSION.—If it be conceded that in a criminal prosecution for larceny, the court or judge or magistrate would be authorized incidentally to award possession of the stolen property to its rightful owner, yet, where there is no criminal prosecution, and mere search-warrant proceedings are instituted apparently for the sole purpose of gaining summary possession from a third person, who claims a right of possession, without notice or hearing, a statute, so far as authorizing such summary transfer or possession, is invalid and ineffective.

ID.—PROHIBITION—AFFIRMANCE OF JUDGMENT.—The superior court properly awarded final judgment in prohibition to prevent the police court from turning over the property so taken from a third person upon a search-warrant to the party obtaining the warrant; and such judgment of prohibition must be affirmed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and Robt. W. Harrison, *amicus curiae,* for Appellants.

Charles N. Douglass, and Campbell, Metson, Drew, Oatman & McKenzie, and W. H. Orrick, *amici curiae,* for Respondent.

KERRIGAN, J.—This is an appeal from a judgment of the superior court making permanent a writ of prohibition.

In August, 1908, one Bessie Seaman, presented to Honorable E. P. Shortall, judge of the police court of the city and county of San Francisco, an affidavit, properly subscribed and sworn to by her, in which she averred that in February 1908, one E. R. Burke had willfully, unlawfully and feloniously taken and carried away a certain diamond breast-pin of the value of $250, the property of said Bessie Seaman, and that there was probable and reasonable cause to believe that said breast-pin was concealed at the place of business of the

Modern Loan Company, the above-named respondent, in San Francisco. Upon said affidavit the police judge issued a search-warrant, pursuant to which the said breast-pin was taken from the possession of the respondent. Thereafter, it appearing that said police judge was about to proceed and determine the ownership of said pin, the respondent, claiming a lien upon the same, and asserting that he was entitled as such lienholder to possession thereof, instituted these proceedings in the superior court for a writ of prohibition. That court held that the provisions of the Penal Code, which purport to authorize the police judge to hear and determine "the ownership of" and "title to" personal property, were unconstitutional, and that therefore such police judge was without jurisdiction to proceed in the matter, and a peremptory writ of prohibition issued as prayed for in the petition. From the judgment in favor of the Modern Loan Company appellants prosecute this appeal.

Respondent claims that when personal property has been stolen or embezzled, and that fact is made to appear by affidavit, nevertheless a search-warrant should not issue unless a complaint is filed charging the guilty person with the larceny or embezzlement of the property in question. (See *contra, Haworth* v. *Newell,* 102 Iowa, 541, 546, 547, [71 N. W. 404].) He also claims that under section 1527 of the Penal Code the evidentiary and not the ultimate facts should be stated. Here the affidavit set forth the commission of the larceny not upon information but in positive terms, and in view of the decisions in *Ex parte Dimmig,* 74 Cal. 164, [15 Pac. 619], and *People* v. *Staples,* 91 Cal. 23, [27 Pac. 523], this last contention would seem to have as little merit as the first one. However, the conclusion we have reached on the chief point in the case will render any discussion of these, or any other minor exceptions to the regularity of the proceedings unnecessary.

The sections of the Penal Code which authorize the disposition and award of personal property seized under search-warrants fail to provide for the giving of notice to interested parties, or to afford them an opportunity to be heard on such proceedings, and for this reason respondent contends that those sections are unconstitutional.

When personal property has been stolen or embezzled, and as the result of proceedings under a search-warrant has been seized and delivered to a magistrate, he must dispose of it as provided in sections 1408 and 1409 of the Penal Code.

Subdivision 1 of section 1524 of the same code provides that a search-warrant may issue "When the property was stolen or embezzled, in which case it may be taken on the warrant from any place in which it is concealed, or from the possession of the person by whom it was stolen or embezzled, or from any person in whose possession it may be." Section 1536 provides: "When the property is delivered to the magistrate he must, if it was stolen or embezzled, dispose of it as provided in sections 1408 and 1413, inclusive. . . ."

Sections 1408 and 1409 of the Penal Code read as follows:

"Sec. 1408.   On satisfactory proof of the ownership of the property, the magistrate before whom the information is laid, or who examines the charge against the person accused of stealing or embezzling it, must order it to be delivered to the owner, on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate.   The order entitles the owner to demand and receive the property."

"Sec. 1409.   If property stolen or embezzled comes into the custody of the magistrate, it must be delivered to the owner on satisfactory proof of his title, and on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate."

We agree with the contention of the respondent that these two sections, so far as they are applicable to search-warrant proceedings, are void.   One who is in possession of property under a claim of right cannot be deprived of its possession without due process of law; and in order to constitute due process of law, there must be notice of the time and place of hearing and an opportunity to be heard.   (*Murray* v. *Hoboken Land etc. Co.*, 18 How. 280; 22 Cyc., pp. 72 and 73; *People* v. *Granice*, 50 Cal. 447.)   The statute should give the parties interested in the property an opportunity of presenting, in a deliberate, regular and orderly method, issues of fact and of law to the court or to a court and jury unless a jury is waived.   Under these two sections, irrespective of the value of the property, and without any right of appeal,

and without the slightest notice—indeed immediately upon the return of the warrant—the magistrate may proceed to the ''proof of the ownership or of title'' to the property and make an award. A proceeding permitting this contravenes the provisions of the state and federal constitutions that a person cannot be deprived of his property without due process of law. It is no answer to the objection urged that the magistrate quite probably will see to it in each case that notice and an opportunity to be heard are given, for the right of a person to his day in court must rest on something more substantial than favor or discretion. It is essential to the validity of a statute that it furnish the means whereby one may enforce his constitutional right.

As said by the supreme court of this state in *In re Lambert,* 134 Cal. 626, 634, [86 Am. St. Rep. 296, 66 Pac. 851, 854] : ''In the absence from the statute of any requirement of notice to the person, any notice that might be given would be without legal force and authority, and consequently, whether acted upon by him or disregarded, the proceeding would be equally ineffective. 'It is not enough that he may by chance have notice, or that he may as a matter of favor have a hearing. The law must require notice to him, and give him the right to a hearing and opportunity to be heard. The constitutional validity of a law is to be tested, not by what has been done under it, but what may by its authority be done.' (*Stuart* v. *Palmer,* 74 N. Y. 188, [30 Am. Rep. 289].) It is not what has been done, or ordinarily would be done, under a statute, but what might be done under it, that determines whether it infringes upon the constitutional right of the citizen. The constitution guards against the chances of infringement.'' (*Bennett* v. *Davis,* 90 Me. 105, [37 Atl. 865].)

In the language of Mr. Justice Rich, speaking for the supreme court of the state of New York in *Re Grout,* 105 App. Div. 98, [93 N. Y. Supp. 711] : ''It is not enough that a person may by chance have notice, or that he may, as a matter of favor or courtesy, have a hearing. The law itself, to be constitutional, must require notice, and give a right to a hearing. It matters not, upon the question of the constitutionality of such law, that the questions involved have been fairly decided. The essential validity of the law is to be

tested, not by what has been done under it, but what may by its authority be done." (*Roller* v. *Holly,* 176 U. S. 398, [20 Sup. Ct. 410]; *Bennett* v. *Davis,* 90 Me. 102, [37 Atl. 864]; *Dewell* v. *Commissioners,* 232 Ill. 215, [83 N. E. 809]; *Fisher* v. *McGirr,* 1 Gray (Mass.), 1, 61 Am. Dec. 381.)

It will be unnecessary in this case to consider whether or not the magistrate sitting in search-warrant proceedings may, as the language of the statute (Pen. Code, secs. 1408, 1409) imports, adjudicate the title to the property. It may be conceded, that if he passes upon the title he does so only incidentally (*Estate of Rathget,* 125 Cal. 302, [57 Pac. 1010]), and that the person from whom the property was taken in search-warrant proceedings may maintain an action in claim and delivery against the person to whom it was delivered, and that the award or action of the magistrate would not be *res adjudicata.* (*Moore* v. *Ewbanks,* 66 S. C. 374, [44 S. E. 971]; *Houghton* v. *Bachman,* 47 Barb. 388, 393.) This statute, however, does at least purport to authorize the magistrate to determine the right of actual possession of the property, and actual possession is a most valued right and is an essential part of property, and no one, consistent with constitutional safeguards, can be deprived of the possession or title to property, or of any other substantial right, without reasonable notice and an opportunity to be heard. As said by the supreme court in *Meacham* v. *Bear Valley Irr. Co.,* 145 Cal. 606, [79 Pac. 281]: "The guarantee of the constitution that he shall not be deprived of his property without due process of law gives him the right to be heard in its defense against any claim that may be made against him for its possession." In the case of *Havemeyer* v. *Superior Court,* 84 Cal. 327, [18 Am. St. Rep. 192, 24 Pac. 121], the supreme court expressed the same idea, saying, per Mr. Chief Justice Beatty: "A court cannot take property from his (the party in possession) possession without a hearing, and compel him to prove title in order to regain it." (See, also, *Boca etc. Ry. Co.* v. *Superior Court,* 150 Cal. 147, [88 Pac. 715]; *Lowry* v. *Rainwater,* 70 Mo. 152, [35 Am. Rep. 420]; *Hornsby* v. *United States,* 10 Wall. 242; *Ex parte Koser,* 60 Cal. 210; *White* v. *Ward,* 157 Ala. 345, [47 South. 166, 169]; *Bennett* v. *Davis,* 90 Me. 102, [37 Atl. 864]; *Eustis* v. *City of Henrietta,* 90 Tex. 468, [39 S. W. 567].)

Turning from these observations to a consideration of cases which tend more directly to support respondent's position, that the sections in question are void in failing to provide for the giving of notice to the claimant and an opportunity to be heard, in the case of *State* v. *Snow,* 3 R. I. 64, liquors of specified kinds kept for sale in violation of the provisions of a certain act were liable to be seized upon search-warrant and adjudged forfeited. The court held that the section providing for the mode of condemnation of the liquors was unwarranted, in that the parties interested in the subject of the adjudication were afforded under the act no opportunity to answer and defend. The court said: ''In order to the validity of a judicial trial, the parties interested in the subject of the adjudication should be informed of the nature and cause of the charge upon which the adjudication is to be made—they must have an opportunity to answer and defend. Can it be said in this case that there is any such opportunity given to any person who has an interest in the things seized upon the search-warrant, that he has any notice of any allegation of the facts necessary to exist in order to warrant a forfeiture, or of any proceeding against the liquors themselves? We think not. No such allegation is anywhere made or to be made. No complaint of that kind is provided for, and the property is to be divested from the owner without any charge or trial of the facts upon which alone he could be legally divested, and without any notice of any such intended trial or inquiry.''

In the case of *Fisher* v. *McGirr,* 1 Gray (Mass.), 1, [61 Am. Dec. 381], the court considered the constitutionality of a statute which made it unlawful for unauthorized persons to keep or to have on deposit spirituous or intoxicating liquors for sale, and directed, upon a complaint being filed showing a violation of the act, the issuance of a search-warrant and the confiscation of such liquors. The act, however, provided that, before the liquors should be forfeited or destroyed, if the keeper or owner thereof should be known to the officer executing the warrant, such owner or keeper should be summoned forthwith before the officer who issued the warrant to show, if he could, that the liquors were lawfully kept, and if the officer did not know the owner, keeper or possessor of the seized liquors, notice for the same purpose was to be

given by posting for two weeks. That act, it will be observed, as to notice and a hearing, better conserved the rights of parties interested in the property than does the one now under consideration; nevertheless in a very elaborate opinion the court held the act unconstitutional on the ground, among others, that it fixed no time or place at which a claimant might appear with his evidence, and have a trial, and meet opposing witnesses face to face. The court said: "If the officer returns the name of some person as owner or keeper, and such person does not appear forthwith, then the liquor may be adjudged forfeited, without further notice or proof. The officer, who, of course, must act upon hearsay and the best information he can obtain, however honestly he may endeavor to obtain the truth, may be mistaken in his return of the name of a person as owner or keeper; then the property may be confiscated and destroyed without any opportunity given the true owner to appear and defend. But suppose the officer happens to be right, and the owner has notice, the notice is to appear forthwith. No day in court is given, no allowance made for the contingency of the owner's absence, or sickness or engagements. No provision is made that personal notice shall be given, or that proceedings shall be postponed until personal notice be given. Probably it was not the intention of the legislature to direct a proceeding subversive of the rights of the subject; and it is quite probable that magistrates and courts, acting in conformity with the more familiar and established maxims governing the administration of justice, have required proofs on the part of the prosecutor, and given to respondents some of the privileges of a defendant, before proceeding to a judgment. But . . . the statute itself must, on its face, be conformable to the Constitution."

In *Ieck* v. *Anderson*, 57 Cal. 251, [40 Am. Rep. 115], section 636 of the Penal Code as it then read, providing for the seizure, sale and forfeiture of apparatus employed in illegal fishing without the formality of a judicial hearing, was declared void and unconstitutional. In that case it was said: "The statute under consideration contained no provisions whatever for determining whether the property was liable for condemnation for the forfeiture denounced against it for the criminal acts of those who had it in their possession. It

merely authorizes a peace officer to seize the property without warrant or process, to condemn it without proof, or the observance of any judicial forms, and to destroy it without notice of any kind, or sell it upon notice posted anywhere in the county for five days. Such an enactment cannot be harmonized with those constitutional guaranties which are supposed to secure everyone within the State his rights of liberty and property. . . . The law of the land in judicial proceedings requires a hearing before condemnation, and judgment before dispossession.''

And in *Loesch* v. *Koehler,* 144 Ind. 278, [41 N. E. 326], a statute authorized certain peace officers, or every agent of any society for the prevention of cruelty to animals, to kill any animal found neglected or abandoned and which is injured or diseased past recovery, or from age has become useless. The court said that the act could not be maintained as an exercise of police power, as its destruction was not made to depend upon the existence of infectious or contagious disease, or other condition affecting the public health or comfort. And after citing and quoting from a number of cases the court held it unconstitutional because it allowed the owner to be deprived of his property without due process of law— without notice. The court said: ''It is fundamental that no person can be deprived of any article which is recognized as property without a judicial hearing, after due notice. No degree of misconduct or wrong can justify the forfeiture of the property of a citizen except in pursuance of some judicial procedure, of which the owner shall have notice, and in which he shall have an opportunity to contest the ground upon which the forfeiture is claimed.''

*Hibbard* v. *People,* 4 Mich. 125, invokes a like principle. There the part of a certain act commonly called the ''Search and Seizures clause'' was held repugnant to the constitution and void in that the act provides no notice to the owner of the property when, where or before whom the search-warrant is to be returned.

*Donovan* v. *Mayor of Vicksburg,* 29 Miss. 247, [64 Am. Dec. 143], was a proceeding to prohibit the sale of two hogs found running at large, contrary to the provisions of an estray ordinance. The court said: ''The petition shows that the ordinance complained of was of a summary nature, it-

self directing the city marshal to seize and sell all hogs found running at large in the city, and to pay over the proceeds of the sales, one-half to the use of the hospital, and the other half to retain for his services in executing the ordinance. No process is required to be issued for the seizure or the sale, nor notice given to the owner, either actual or constructive, nor is there any opportunity given to him to appear and show cause, under any circumstances, why the ordinance should not be enforced against his property. The entire proceeding is summary, and calculated to deprive the party of his property in all cases, without notice or trial, and however clearly he might be able to show that property seized was not within the operation of the ordinance. It is manifest that it (the ordinance) falls within the condemnation of these provisions of the constitution. It deprives the citizen of his property without notice or trial, and without the opportunity to protect his rights, and of course without 'due course of law.' '' (See, also, *Poppen* v. *Holmes*, 44 Ill. 362, [92 Am. Dec. 186] ; *Jenks* v. *Stump*, 41 Colo. 281, [124 Am. St. Rep. 137, 93 Pac. 17] ; *Varden* v. *Mount*, 78 Ky. 86, [39 Am. Rep. 208].)

Cooley, in his work on Constitutional Limitations, speaking of search-warrants, and after referring to a number of objections that would be fatal to such a warrant, says: ''The warrant must also command that the goods or other articles to be searched for, if found, together with the party in whose custody they are found, be brought before the magistrate to the end that, upon further examination into the facts, the goods and the party in whose custody, they were, may be disposed of according to law. And it is a fatal objection to such a warrant that it leaves the disposition of the goods searched for to the ministerial officer, instead of requiring them to be brought before the magistrate, that he may pass his judgment upon the truth of the complaint made; and it would also be a fatal objection to a statute authorizing such a warrant, if it permitted a condemnation or other final disposition of the goods without notice to the claimant, and without an opportunity for a hearing afforded him.''

Black on Intoxicating Liquors, at section 351, says: ''The statute'' (i. e., one providing for the confiscation or forfeiture of liquors kept in violation of law), ''must provide

for notice to the party interested in the property, and for a trial and judicial ascertainment of the facts requisite by the statute to warrant a forfeiture, and an opportunity must be given for such party to appear and defend. If the statute fails in these particulars it is not valid."

*McConnell* v. *McKillip,* 71 Neb. 712, [115 Am. St. Rep. 614, 99 N. W. 505], was an action in replevin against a deputy game warden for the possession of three shotguns held by him under a statute authorizing game wardens to seize and forfeit to the state all guns, ammunition, dogs, blinds and decoys, and all fishing tackle, in actual use by persons hunting or fishing in violation of the game law. There, in passing upon the contention that the statute was a valid exercise of the police power of the state, the court said there was a wide distinction between personal property which can only be put to an illegal use, and firearms which may be used for many other purposes innocent and lawful in their nature; that in the former case the legislature might declare such property to be a public nuisance, and provide for its summary abatement or destruction by a public officer. But on the other hand, if property susceptible of a beneficial use has been perverted to an unlawful use, and therefore is subject to forfeiture to the state, that such forfeiture can only be declared after the owner of the property has had his day in court. The court said: "We know of no principle of law which justifies the seizure of property, innocent in itself, its forfeiture, and the transfer of the right of property in the same from one person to another as punishment for crime, without the right of a hearing upon the guilt or innocence of the person charged before the forfeiture takes effect." (See, also, *State* v. *Robbins,* 124 Ind. 308, [24 N. E. 798, 8 L. R. A. 438]; *Wagner* v. *Upshur,* 95 Md. 519, [93 Am. St. Rep. 412, 52 Atl. 509]; *Berry* v. *De Maris,* 76 N. J. L. 301, [70 Atl. 337]; *Beavers* v. *Goodwin* [Tex.], 90 S. W. 930; *Dorst* v. *People,* 51 Ill. 286, [2 Am. Rep. 301]; *In re Gannon,* 16 R. I. 537, [27 Am. St. Rep. 759, 18 Atl. 159]; *In re Lance,* 55 Misc. Rep. 13, [106 N. Y. Supp. 211]; *Louisville etc. Board* v. *King,* 127 Ky. 824, [107 S. W. 247]; *State* v. *Chittenden* (Wis.), 107 N. W. 500; *Craig* v. *Board of Improvement,* 84 Ark. 390, [105 S. W. 867]; *Chauvin* v. *Valeston,* 8 Mont. 451, [20 Pac. 658];

*Earl Kingston* v. *Toule*, 48 N. H. 57, [97 Am. Dec. 575, 2
Am. Rep. 174] ; *Central etc. Ry. Co.* v. *Wright*, 207 U. S.
127, [28 Sup. Ct. Rep. 47] ; *Canon City* v. *Manning*, 43 Colo.
144, [95 Pac. 537] ; *Clement* v. *Rabbach*, 62 Misc. Rep. 37,
[115 N. Y. Supp. 162] ; *In re Rosser*, 101 Fed. 562; *Ulman* v.
*Baltimore*, 72 Md. 587, [20 Atl. 141, 21 Atl. 709, 11 L. R. A.
224, and note] ; *Kuntz* v. *Sumption*, 117 Ind. 1, [19 N. E.
474, 2 L. R. A. 655, and note].)

The case of *Collins* v. *Lean*, 68 Cal. 284, [9 Pac. 173],
lends no support to the position of appellants.    There, from
an affidavit filed with a justice of the peace, it appeared that
Collins had in his possession certain lottery tickets, and that
he intended to use them as a means of committing a public
offense.    A search-warrant was issued under the authority of
which the place of business of Collins was searched, and one
hundred lottery tickets were found and taken by the police
officer for the purpose of being used as evidence against
Collins in a future prosecution.    After the tickets were no
longer required as evidence, their return to Collins was re-
fused on the ground that they should be retained to prevent
him from committing the public offense of selling them.    The
court said that while as a general rule one could not be de-
prived of property without due process of law, nevertheless
it was firmly settled that all property must be kept and used
in consonance with the welfare of the general public; that
when property is held or used so as to be injurious to the
general welfare of the public it may be seized and destroyed.
It was apparent that Collins would put the lottery tickets
to an unlawful use, and the refusal, therefore, to return them
was held authorized.    In that case the property was seized
under subdivision 3 of section 1524, Penal Code, as prop-
erty held "with the intent to use it as a means of commit-
ting a public offense," and under section 1536, unlike the
case at bar, the magistrate was under no duty of delivering
the property to its owner "upon a satisfactory proof of
title," but was required to retain it in his possession subject
to the order of the court to which he was required to return
the proceedings before him.

There is a line of cases holding that it is a proper exer-
cise of legislative power to provide for the destruction of
property without notice when the public welfare demands

12 Cal. App.—38

summary action.   Instances of this kind are the power to destroy diseased meat or decayed fruit, to kill diseased cattle, to destroy obscene pictures and books, to pull down houses in the path of a devastating fire, to destroy property used or kept in violation of the law which is incapable of lawful use.   (*Mullen* v. *Mosley,* 13 Idaho, 457, [121 Am. St. Rep. 277, 90 Pac. 986].)   The property involved in this case is what is sometimes termed in the books to be innocent property.   It threatens no danger in any way to the public health or morals, and there is no reason why the claimant of the property should not be accorded by statute an ample opportunity to make his defense.   It is plain that the present case does not fall within the rule of the cases just cited.

If it be conceded that in a criminal prosecution a court, judge or magistrate would be authorized and warranted incidentally to pass upon and award the possession of personal property as provided in said sections 1408 and 1409, yet in the case at bar no one has been arrested; no one has been charged with an offense; no one has been brought to trial, nor is the article seized to be used in evidence in any case.   Thus it clearly appears that the search-warrant proceedings were resorted to for the sole purpose of having the magistrate pass upon the right of possession of property under a law which gives no notice to the person from whom the property is summarily taken.   We think that it was never intended under the circumstances of this case that the right of possession of property should be adjudicated by a magistrate, especially when the law has provided the means for settling such question by the ordinary action of claim and delivery.   In our opinion sections 1408, 1409, in so far as they purport to authorize a magistrate to pass upon and adjudicate the right to the possession of personal property without notice to the person from whose possession it was taken or who claims title to it, are null and void.

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.