[No. 13066.   Department One. — August 26, 1889.]

## In the Matter of the Estate of FRANCISCA ACKERMAN, Deceased.

Homestead — Community Property — Right of Survivor — Sale after Death of Spouse. — Upon the death of either spouse, a homestead declared upon community property vests absolutely in the survivor, still retaining its homestead characteristics; and if the survivor afterwards sell the same, he is not entitled to have another homestead set apart to him out of the separate property of the deceased.

Id. — Estate of Decedent — Property Liable to be Set Apart as Homestead. — Under the provisions of the Code of Civil Procedure, no property can be set apart by the probate court as a homestead out of the estate of a deceased person which could not have been dedicated as such under the homestead act immediately preceding the death of the deceased.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to set apart a homestead.

The facts are stated in the opinion of the court.

*Nagle & Nagle,* for Appellant.

*Stonehill & Payson,* for Respondents.

Fox, J. — Application by the surviving husband for an order setting apart to him a homestead out of the separate property of the estate of his deceased wife. The application was opposed by the heirs of deceased, and upon hearing of the matter, was denied. From the order denying such application appeal is taken to this court.

From the findings, it appears that the lot which the court was asked to set apart to the surviving husband as a homestead was the separate property of the deceased wife. It was so inventoried by the applicant, who administered the estate, was appraised at the sum of two thousand one hundred dollars, and constitutes all the property of the estate; that no homestead had ever been

declared thereon, and that no part of it had ever been occupied as a homestead or place of residence by the deceased or her husband during her lifetime; that she died September 17, 1885, leaving no children, father or mother, but leaving her husband and a sister, Ysabel Morante, her next of kin and heirs at law.

It further appeared that for thirteen years before her death, deceased and her husband had occupied as a homestead and residence a dwelling-house and lot situate in another part of the city, and which was the community property of applicant and his deceased wife; that on the 5th of May, 1873, the deceased had duly executed and recorded a homestead on the lot so occupied by herself and husband, and the same had never been abandoned; that since the death of his said wife, the applicant had sold the said last-named lot (the homestead aforesaid) for three thousand dollars, and appropriated the same to his own use, paying his debts existing at the time of the death of his said wife.

After the death of Mrs. Ackerman, her sister, Ysabel Morante, died, leaving a will, and leaving a husband and two children her heirs at law and devisees, who are the contestants here.

Under this state of facts, it is contended that under section 1401 of the Civil Code, immediately upon the death of the wife, the entire community property, without administration, went to the surviving husband. That is true, but so much of it as was at the time impressed with the character of homestead went to the survivor, not merely as community property, but as a homestead, subject to no other liability than such as existed or had been created under the provisions of the title on homesteads. (Code Civ. Proc., sec. 1265.) It was protected to the survivor of the family, in the same manner that it had been to the whole family, and was still a homestead. (See also Code Civ. Proc., secs. 1474, 1475.) The death of one of the spouses did not

alter in any way the estate or character of the homestead. (*Tyrrell* v. *Baldwin*, 78 Cal. 470.) It required no action of the probate court to pass the homestead, protected as such. It passed immediately upon the death of one of the spouses, by operation of law. (Code Civ. Proc., sec. 1265.) If there had been administration affecting the estate out of which the homestead was carved, it would have become the duty of the probate court to set apart the recorded homestead to the survivor, but this setting apart would not have affected the right of the survivor. Such is not the purpose of the order in the case of a recorded homestead; its object and effect is simply to take the property out of administration. (Code Civ. Proc., sec. 1465; *In re Orr*, 29 Cal. 101; *Rich* v. *Tubbs*, 41 Cal. 34; *Schadt* v. *Heppe*, 45 Cal. 434; *Estate of Burton*, 63 Cal. 36; *Bollinger* v. *Manning*, 79 Cal. 7.) Having been selected from community property, immediately upon the death of either spouse it vested in the survivor. (*Mawson* v. *Mawson*, 50 Cal. 539; *Estate of Headen*, 52 Cal. 295; *Gagliardo* v. *Dumont*, 54 Cal. 496; *Herrold* v. *Reen*, 58 Cal. 443.)

Under the statute, no property can be set apart by the probate court as a homestead which might not have been dedicated as such under the homestead act immediately preceding the death of the deceased. (*Kingsley* v. *Kingsley*, 39 Cal. 666; *Estate of Noah*, 73 Cal. 590.) At and for a long time prior to the death of the decedent, the parties had a duly dedicated and selected homestead, carved out of the community property. No other property could, therefore, have been dedicated by them, or either of them, to the purposes of a homestead immediately preceding the death of the wife. Upon her death, the dedicated and recorded homestead vested, *eo instanti*, as such, in the surviving husband. He was not then entitled to select another, even out of the community property, much less out of her separate estate. He has had the full benefit of that homestead, and the law will not now

permit him to deprive the minor children of his deceased sister-in-law of their moiety of inheritance in the estate of his deceased wife by having that estate also set apart to him as a homestead. The court below was correct in denying the application, and the order is affirmed.

PATERSON, J., and WORKS, J., concurred.

Hearing in Bank denied.