[S. F. No. 2621.   In Bank.—March 11, 1904.]

MURRAY F. VANDALL, Appellant, v. LUTHER A. TEAGUE, Administrator, etc., et al., Respondents.

JOINT MORTGAGE OF HOMESTEAD—COMMUNITY PROPERTY—SURVIVORSHIP —CLAIM AGAINST ESTATE OF DECEASED HUSBAND—STATUTE OF LIMITATIONS.—Where a husband and wife jointly executed a mortgage upon their homestead declared on community property, the presentation of a claim against the estate of the deceased husband, and the allowance thereof, has only the effect to suspend the statute of limitations as against the estate, but does not have that effect as against the surviving wife, upon whom the title to the homestead devolved absolutely upon the death of the husband; and she and her successor in interest may plead the statute of limitations in bar of a foreclosure against them, if not brought within four years after the maturity of the mortgage.

ID.—HUSBAND AND WIFE—JOINT TENANCY IN HOMESTEAD.—The husband and wife have a like estate in a homestead on the community property, which is held jointly, and has some of the incidents of a joint tenancy, notably the right of survivorship. While both are living it can only be destroyed by their joint act. Whatever may be the estate of the wife, it is distinct from the estate of the husband, though held jointly.

ID.—DEATH OF HUSBAND—JURISDICTION OF PROBATE COURT—ORDER SETTING APART HOMESTEAD.—The wife having become the owner of the homestead upon the community property immediately upon death

of the husband, the probate court had no jurisdiction over it, and its order setting apart the homestead to the widow had no other effect than to take the property out of administration, and could only affect the interest of the estate therein, which was nothing.

ID.—DEED OF SURVIVING WIFE TO DAUGHTER—NATURE OF TITLE.—Upon a deed from the surviving wife to her daughter, the daughter took directly from her mother, and not by virtue of the order setting apart the homestead.

APPEAL from a judgment of the Superior Court of Fresno County. J. R. Webb, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, and Goodfellow & Eells, for Appellant.

M. K. Harris, for Respondents.

CHIPMAN, C.—Foreclosure of mortgage. Plaintiff had judgment of foreclosure as to the defendant the administrator of the estate of William Teague, but judgment was denied as against the interest of defendant Hattie Teague. Plaintiff appeals from the judgment. The following facts appear from the findings and proceedings: In 1883 William and Mary Teague were husband and wife; the mortgaged premises belonged to them as the property of the community; in that year Mrs. Teague duly filed a homestead on the premises; on August 14, 1889, William and Mary Teague executed to plaintiff's assignor, the German Savings and Loan Society, their joint promissory note, payable one year after date, and also on that day executed their mortgage on the premises in question to secure the payment of said note; in February, 1894, William Teague died testate; thereafter defendant, Luther Teague, was appointed administrator of the estate of William with the will annexed, and thereafter—to wit, August 2, 1894—by an order duly given and made, the court set apart the premises as a homestead to Mary Teague, widow of deceased, and to Hattie Teague, their sole minor child; within four months after the appointment of said administrator, plaintiff's assignor duly filed its claim against said estate upon and in respect of said promissory note and mortgage, and on August 2, 1894, the claim was allowed and approved by said administrator, and on September 3, 1894, was duly allowed by the judge; on January 10, 1897, the said Mary conveyed to the

said Hattie the said mortgaged premises, and the latter ever since has been, and now is, the exclusive and sole owner and in possession of said lands and premises, but whatever interest said Hattie has she derived under and by virtue of said deed of said Mary, her mother, and widow of deceased. The complaint was filed December 2, 1897. The answer pleaded the statute of limitations as to Mary and Hattie Teague and title in the latter under the deed of Mary Teague.

As conclusions of law, the court found that the action was barred as to Hattie Teague by the provision of section 337 of the Code of Civil Procedure, and, as to her, plaintiff is not entitled to judgment, but is entitled to a decree of foreclosure as against the administrator as such, the judgment in no wise to prejudice the title of Hattie Teague, which she asserts adversely to the title of said Luther Teague, administrator of said estate. As to the estate, it is conceded by respondents that the statute of limitations ceased to run, under the provision of section 1569 of the Code of Civil Procedure, which reads: " . . . No claim against any estate, which has been presented and allowed, is affected by the statute of limitations, pending the proceedings for the settlement of the estate . . . " The contention of appellant is, "that the presentation of a claim against a deceased man's estate operates to place the obligation of the deceased outside of the pale of limitation for all purposes,"—in other words, that the statute did not run as to Mary Teague, the joint maker of the note and mortgage, but was suspended as to her by virtue of the section above quoted. It is further claimed that the mortgage is but "an incident to the note, and that there is but one action upon a note and mortgage, which must be as provided in section 726 of the Code of Civil Procedure. And the rule of the codes as to limitation for the recovery of debts secured by mortgage is, that the mortgage can be extinguished by lapse of time within which an action may be brought on the note, and in no other way. There is not, therefore, as heretofore, one statute of limitation on the note and another on the mortgage." Suppose William had not died, and it had become necessary to foreclose the mortgage. Without doubt, if Mary had not been made a party before the statute had run, her interest in the premises would have been unaffected by a foreclosure against William alone. The wife acquires an

estate of some sort by virtue of a homestead declared on community property; this estate she holds with her husband jointly, who has a like estate. It has some of the incidents of a joint tenancy, notably the right of survivorship. While the husband and wife are living the homestead can be destroyed only by the joint act of both husband and wife. Whatever may be the estate of the wife, it is distinct from the estate of the husband, though held jointly. "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, . . . it vests, on the death of the husband or wife, absolutely in the survivor." (Code Civ. Proc., sec. 1474; *Sanders* v. *Russell*, 86 Cal. 119;[1] *Sheehy* v. *Miles*, 93 Cal. 288; *Collins* v. *Scott*, 100 Cal. 446); and such death does not in any manner alter the state or character of the homestead. (*Tyrrell* v. *Baldwin*, 78 Cal. 470.) Mrs. Teague's deed to her daughter transferred to the latter the estate of the former; and the probate court had no jurisdiction of the subject-matter with which it purported to deal. The daughter took by deed from her mother, and not by the order setting apart the homestead, which decree had no other effect than to take the property out of administration, and only such interest as the estate had in the property (which was nothing in this case) could be affected by the order. (*Sheehy* v. *Miles*, 93 Cal. 288.) If in the lifetime of both spouses, in order to extinguish her interest which she had mortgaged jointly with her husband, it would be necessary to join her in the foreclosure suit, how can it be said that her relation to and interest and right in the property have changed by his death, except to pass all the title to her as survivor? The statute above quoted declares that: "No claim against any estate . . . is affected by the statute of limitations," etc. This is a special statute, having application alone to claims against the estate, and cannot, we think, be held to apply to any and every person who may happen to be jointly or severally indebted with the deceased as to such claim. On the other hand, the statute of limitations is a general statute, and must be applied generally and in all cases where exception to its operation is not specifically made. (*Tynan* v. *Walker*, 35 Cal. 634.[2]) An exception is found in section 353

---

[1] 21 Am. St. Rep. 26, and note.      [2] 95 Am. Dec. 152.

of this same code, as also in section 1569, and perhaps some others, but these exceptions are to be applied to the enumerated cases embraced in them. Suppose the note and mortgage in question had been executed by William and some person other than Mary who was joint owner with William of the premises mortgaged, and William had died. Could it be said in such a case that the statute of limitations was suspended by the operation of section 1569 as to William, joint maker of the note and mortgage? We think not. Is the wife's relation to the property and is her right to have her interest in it protected under existing statute any different from the rights of the person in the case last above supposed? We see no difference. "A lien is extinguished by the lapse of the time within which, under the provision of the Code of Civil Procedure, an action may be brought upon the principal obligation." (Civ. Code, sec. 2911.) The time within which an action could have been brought upon the principal obligation (the promissory note) signed by Mrs. Teague was four years after its maturity (Code Civ. Proc., sec. 337), and not having been brought until about three years after that time, the lien was extinguished.

In *Sichel* v. *Carillo*, 42 Cal. 493, the note was executed by R. and the mortgage to secure payment thereof was executed by R. and wife on the separate property of the wife. R. died, and neither the note nor the mortgage was presented to the administrator for allowance within the time prescribed by section 130 of the Probate Act, and, so far as the estate was concerned, the court held the claim barred. The provision then was, that unless the claim be presented within ten months, after publication of notice to creditors, "it should be forever barred." But the court said that the statute meant that the claim would be forever barred *as a claim against the estate*. ". . . It in no way affects claims against other parties, or against the property of others, or the contracts of other parties, although the same demand may also be a claim against the estate." It was held that as to the wife of R. the bar of the probate act did not apply. As Mrs. Teague succeeded to the ownership by right of survivorship, the lien at the death of her husband rested on her property in like sense as the lien rested on the separate property of the wife of R. in the case cited. But if the statute did not operate to shield

the wife of R., because her obligation was separate and distinct from that of her husband, we cannot see why for like reason the presentation of the claim should in any wise affect the general statute which, had it run in her favor, would have been, as the statute in the present case is, a complete bar. Nor can we see that the cases are to be distinguished, as suggested by appellant, on the ground that formerly there were separate actions on the note and mortgage. The fact that under section 726 of the Code of Civil Procedure "there can be but one action for the recovery of any debt, . . . secured by mortgage upon any real or personal property," etc., does not affect the question. The general statute of limitations applies just the same, and neither the failure to present the claim nor its presentation and allowance against the estate of a deceased joint mortgagor and obligor could in any way affect the obligation of other co-mortgagors or co-obligors, nor could such failure or presentation stop the running of the statute in their favor. The mortgagee must present his claim for allowance or he can have no deficiency judgment against the estate, but must look only to the mortgaged property; and if he would charge a joint obligor or mortgagor, he must bring his action against him within four years from the maturity of the principal obligation.

Appellant submits "that as the mortgaged premises were a homestead, plaintiff was bound not only to present his claim as he did, but under section 1475 of the Code of Civil Procedure first to exhaust the general assets of the estate in the probate court before resorting to foreclosure and sale of the homestead." It is hence argued "that plaintiff could safely have awaited the conclusion of the probate proceedings." It is alleged in the complaint, and found by the court, that the funds of the estate are not sufficient "to pay said mortgaged indebtedness or any part thereof, and that in order to pay the same it is necessary that the said mortgaged premises, and the whole thereof, be sold as prayed for."

It may be true that where there are funds of the estate sufficient to pay some proportionate part of the mortgage debt in common with other claims against the estate, the court would upon answer of the defendant, on proper showing, stay final action in the foreclosure suit until such proportion could be ascertained and paid. Such plea, however, had it been

made in this case would not have entitled defendant to have the action dismissed or entitle her to judgment on the merits. Nor can the section be construed as forbidding the commencement of the foreclosure proceeding. In the present case, in order to escape the operation of the statute of limitations as to Mary Teague or her grantee, the action should have been begun within the statutory period of four years.

The judgment should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

> McFarland, J., Angellotti, J.,   Shaw, J.,
> Henshaw, J.,   Van Dyke, J.,   Lorigan, J.

Rehearing denied.