[No. 19,654.    Department One.—December 27, 1904.]

## HARRY D. MEACHAM, Respondent, v. BEAR VALLEY IRRIGATION COMPANY, Appellant.

EJECTMENT—REPORTER'S PER DIEM—RULE OF COURT—FAILURE OF DEFENDANT TO OBEY ORDER—JUDGMENT WITHOUT TRIAL—POWER OF COURT.—The superior court had no power, for the mere failure of the defendant in an action of ejectment to obey its order for the immediate deposit of one half· of the per diem of the reporter, as fixed and required by a rule of court, to order judgment for the plaintiff for recovery of the land of which the defendant was in possession without any trial of the cause, and without any evidence of plaintiff's right thereto, or affording to the defendant an opportunity to reply to any evidence the plaintiff might adduce.

ID.—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.—The guarantee of the constitution that the defendant shall not be deprived of his property without due process of law gives him the right to be heard in its defense against any claim that may be made against him for its possession; and he cannot be deprived of this right of defense as a penalty for failure to comply with a rule of the court, or for failure or refusal to pay any part of the costs of the action in advance of a trial.

ID.—AMBIGUITY IN COMPLAINT—"POSSESSION" — SPECIAL DEMURRER.— Where the complaint in ejectment alleged that at the time of the commencement of the action the plaintiff was the owner of "and in possession" of an entire tract of land therein described, and also alleged that for about one year prior thereto the defendant had been, and now is, unlawfully "in the possession," without any right or title, of a described part of the premises, and unlawfully withholds the same from the plaintiff, a special demurrer to the complaint for ambiguity as to the averments of possession should have been sustained.

APPEAL from a judgment of the Superior Court of San Bernardino County.   John L. Campbell, Judge.

This case was appealed in 1894, and dropped from the calendar in 1895, and restored in 1904.   Further facts are stated in the opinion.

G. E. Harpham, for Appellant.

Charles J. Perkins, for Respondent.

HARRISON, C.—Action for the recovery of real property in the county of San Bernardino.

A trial by jury of the issues in the above-entitled action was waived by the parties, and when the cause came on for trial the plaintiff's counsel read the verified complaint and answer and called a witness to the stand, who was duly sworn by the clerk, whereupon the court made the following order: "This cause having been called for trial and the pleadings read, and under the rule of court the parties were requested to deposit with the clerk each one half of the reporter's per diem to abide the result of this suit, and the reporter refusing to report the testimony unless the fees are paid, and the defendant refusing to comply with the order of the court, and the court deeming that this is a case where it is necessary to have a reporter, as it involves the examination of several witnesses orally: It is therefore ordered that the defendant deposit the fee of the reporter within five minutes, or a judgment will go for plaintiff as prayed for." The defendant's counsel thereupon stated to the court that the defendant had no money with which to comply with the direction, and that he excepted to the order. Prior to this time the superior court of that county had adopted a rule, which was then in force, fixing the compensation of its official reporter at seven dollars per day, and declaring that "The per diem herein fixed shall, upon the opening of court and before the taking of notes by the reporter, be deposited, one half thereof by the respective parties, with the clerk of the court for the use and benefit of said reporter, said amount to be thereafter taxed as costs by the party in whose favor judgment is rendered." Upon the expiration of the time named in the order, and the defendant having failed to deposit the reporter's fee as required by the order, the court, without any trial of the cause, ordered judgment to be entered in favor of the plaintiff, and thereupon judgment was entered in his favor for the recovery from the defendant of the possession of the property described in the complaint. From the judgment thus entered the defendant has appealed.

The judgment thus entered by the court cannot be sustained. It was not within the power of the court to render a judgment giving to the plaintiff the right to property of which the defendant was in possession, without any evidence

of such right, or affording to the defendant an opportunity to reply to whatever evidence the plaintiff might adduce. The failure or refusal of a defendant to pay the costs of an action, or any portion thereof, in advance of a trial, does not authorize the court to deprive him of his defense to the action. The guarantee of the constitution that he shall not be deprived of his property without due process of law gives him the right to be heard in its defense against any claim that may be made against him for its possession; and he is not to be deprived of this right as a penalty for failing to comply with some rule of court. (See *Foley* v. *Foley,* 120 Cal. 33;[1] *Younger* v. *Superior Court,* 136 Cal. 682.) Not only has the legislature not attempted to vest the court with such authority, but in section 274 of the Code of Civil Procedure, under which the reporter's right to compensation is derived, as that section stood at the time the judgment herein was rendered (Amendments of Codes, 1880; Code Civ. Proc., page 54), the legislature has expressly declared: ''The reporter's fees for taking notes in civil cases shall be paid by the party in whose favor judgment is rendered and shall be taxed up by the clerk of the court as costs against the party against whom judgment is rendered.'' The amendment of this section in 1885 (Stats. 1885, p. 218), requiring each party to pay the reporter's per diem before judgment or verdict is entered, was held unconstitutional. (See *Stevens* v. *Truman,* 127 Cal. 155.) If upon the refusal of the defendant to comply with the order of the court, the plaintiff had desired a trial of the cause, he could have deposited with the clerk the whole of the reporter's per diem, and, if he had obtained judgment, included the amount in his cost-bill, but he was not authorized to take judgment in his favor without a trial of the issues. In *Adams* v. *Crawford,* 116 Cal. 495, it was held that if the plaintiff, after demanding a jury, did not comply with a rule of the court requiring a deposit of the jury fee, the court did not err in refusing his demand and trying the case without a jury; but there is nothing in the opinion therein which justifies the action of the court in rendering a judgment without any trial.

The court also erred in overruling the defendant's demurrer to the complaint. The complaint alleges that at the time of

[1] 65 Am. St. Rep. 147.

the commencement of the action the plaintiff was the owner of and *in possession* of the entire tract of land therein described; and it also alleged that for about one year prior thereto the defendant "had been and now is" unlawfully *in the possession,* without any right or title, of a portion of the above-described premises, and unlawfully withholds the same from the plaintiff—describing the portion so withheld. The defendant demurred to the complaint for ambiguity, pointing out in its demurrer these averments as the particulars in which it was ambiguous, and its demurrer should have been sustained.

The judgment should be reversed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Van Dyke, J., Shaw, J., Angellotti, J.