[Civ. No. 324.  First Appellate District.—December 11, 1906.]

## CHARLES W. FISHER, Appellant, v. E. L. BARTHOLOMEW, Respondent.

HOMESTEAD—MORTGAGE—SEPARATE PROPERTY—SURVIVORSHIP—PROBATE SALE UNDER MORTGAGE CLAIM.—The title to a homestead declared by a wife upon her separate property, though subject to the lien of a prior mortgage, upon the death of the wife vested in the surviving husband by operation of law, no order of court being required to perfect his title; and the title thus acquired must prevail over a title acquired by the prior mortgagee merely through a probate sale had under a mortgage claim presented to the administratrix of the deceased wife, there being no title remaining in her estate and no property requiring administration.

ID.—RES ADJUDICATA—HUSBAND NOT ESTOPPED.—The probate sale can-
not have the effect of an adjudication that no valid homestead ex-
isted upon the property, nor can the surviving husband be estopped
by his neglect or refusal to administer upon the estate of his de-
ceased wife from claiming that the title to the homestead vested
in him at her death.

APPEAL from a judgment of the Superior Court of Santa
Clara County.  A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

E. E. Cothran, for Appellant.

A. H. Jarman, for Respondent.

HALL, J.—This is an appeal upon the judgment-roll from
a judgment in favor of defendant in an action brought by
plaintiff to quiet title to a piece of real estate in the possession
of defendant, and situated in the city of San Jose.

From the record it appears that the property in dispute
had been the separate property of one Nancy J. Packard, and
at her death was the homestead of said Nancy J., and her
husband, B. F. M. Packard, by virtue of a declaration made
by her in due form, but was subject to the lien of a mortgage
given to plaintiff by said Nancy J. and said B. F. M. Pack-
ard to secure a promissory note executed by the said Pack-
ards to plaintiff.

Plaintiff deraigns his title through a sale made by the ad-
ministratrix of the estate of said Nancy J. Packard, deceased,
to plaintiff, under the order of the probate court, to pay the
debts of said deceased, consisting of the duly allowed claim
of plaintiff, founded upon said note and mortgage.  The pro-
bate proceedings were regular in form, but it nowhere appears
in any of such proceedings that the property sold, which was
all the property appraised in said estate, was a homestead.

Defendant deraigns title to the premises through mesne con-
veyances from B. F. M. Packard, the surviving husband of
Nancy J. Packard, deceased.

The court below held that the title derived from the sur-
viving husband prevailed as against the title derived from
the probate sale, and we think this correct.

Upon the death of either spouse the homestead selected from the community property, or from the separate property of the party making the declaration, or joining therein, vests absolutely in the survivor. (Code Civ. Proc., sec. 1474.)

The survivor in such case takes his title by operation of law, and no order of court is necessary to perfect his title. (*In re Ackerman*, 80 Cal. 208, [13 Am. St. Rep. 116, 22 Pac. 141] ; *Sheehy* v. *Miles*, 93 Cal. 288, [28 Pac. 1046] ; *Estate of Fath*, 132 Cal. 609, [64 Pac. 995] ; *Vandall* v. *Teague*, 142 Cal. 471, [76 Pac. 35] ; *Saddlemire* v. *Stockton Sav. and Loan Soc.*, 144 Cal. 650, [79 Pac. 381].)

Neither can his title thus acquired be affected by subsequent orders of the probate court. (*In re Ackerman*, 80 Cal. 208, [13 Am. St. Rep. 116, 22 Pac. 141] ; *Bollinger* v. *Manning*, 79 Cal. 7, [21 Pac. 375] ; *Estate of Young*, 123 Cal. 337, [55 Pac. 1011] ; *Estate of Fath*, 132 Cal. 609, [64 Pac. 995] ; *Saddlemire* v. *Stockton Sav. and Loan Soc.*, 144 Cal. 650, [79 Pac. 281].) The order of the probate court, authorizing the sale of the premises, only operated upon the title then remaining in the estate of the decedent, which was nothing. (*Vandall* v. *Teague*, 142 Cal. 471, [76 Pac. 35].)

If there was any question as to the validity of the homestead, the purchaser at the probate sale would be in a position to litigate such question as against the claimant under the homestead, but no such question is raised in this case. The homestead is conceded to have been valid.

Appellant's contention virtually is that the order for the sale of the premises is a judicial determination that no valid homestead existed upon the property, and cannot be collaterally attacked. A like contention was made as to the force and effect of an order setting apart a probate homestead to the widow and the minor children of the decedent in *Saddlemire* v. *Stockton Sav. and Loan Soc.*, 144 Cal. 650, [79 Pac. 381], and the court sustained the validity of the title of the surviving widow to the homestead selected by the husband, which vested in her at his death as against any title in the minor children derived from the order of the probate court setting apart the premises as a homestead for the use of the family of the deceased, although the petition to set apart the premises was filed by the widow, and prayed the court to set aside the premises for the use of the family of deceased, and

named the widow and minor children as constituting such family.

The case of *Ions* v. *Harbison,* 112 Cal. 260, [44 Pac. 572], relied on by appellants, though in a part of its facts like the case at bar, in very essential matters is quite different. In *Ions* v. *Harbison,* the surviving husband was the administrator, and petitioned for the sale of the homestead premises without disclosing its homestead character, and under the order thus obtained sold the property to defendants, received the money, and applied the same to the payment of the note and mortgage on the premises, executed by himself and wife, and the funeral expenses and costs of administration incurred by himself. Upon this state of facts it was held that he and his grantee, with full notice of the facts, were estopped from questioning the title of the purchaser at the probate sale. No such facts exist in the case at bar. The fact found by the court that the surviving husband "neglected and refused" to administer upon the estate of his deceased wife does not estop him from claiming the homestead that vested in him on her death. There being no estate save the homestead, there was no estate requiring administration. In fairness to appellant it must be said that there is some language in the case just referred to, concerning the effect of the order of sale, which seems to support the contention of appellant, but we think a careful examination of the case shows that the real point of the decision is that, under the facts of the case, the surviving husband, and his grantee with notice, were estopped from questioning the title conveyed by the husband as administrator. At any rate the later cases herein cited establish the principle that must govern this case.

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurred.