[Civ. No. 423.  First Appellate District.—December 24, 1907.]

In the Matter of the Estate of CHARLES PATRICK Mc-
CARTHY, Deceased.  MARY BURKE, Creditor, Appel-
lant.  ELLEN McCARTHY, Individually and as Ad-
ministratrix, and PAJARO VALLEY BANK, Respond-
ents.

ESTATES OF DECEASED PERSONS—HOMESTEAD SELECTED BY DECEASED
HUSBAND—SURVIVORSHIP OF WIFE—EXCESS OF SUBSEQUENT VALUE
NOT LIABLE FOR DEBTS.—Where a deceased husband in his life-
time selected a homestead from community property, which was
not then of the value of $5,000, the homestead, whatever its value,
at the death of the husband vested absolutely in his widow, as
survivor, free from any general debts of the husband; and any
subsequent excess in the value of the homestead above the sum
of $5,000 is not liable for any debts of the husband's estate to
his creditors, though his estate is otherwise insolvent.

APPEAL from an order of the Superior Court of Santa
Cruz County, setting apart a homestead.  Lucas F. Smith,
Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

The policy of the law in setting apart a homestead to the
widow is to protect the rights of creditors as against any ex-
cess in value over $5,000.  (*Estate of Adams*, 128 Cal. 380,
384, 57 Pac. 569, 60 Pac. 965; Civ. Code, sec. 1246 et seq.)

James A. Hall, for Respondents.

The widow becomes sole owner of the homestead selected
from the death of the husband, and the property was no part
of his estate, and was not subject to any general debts of the
husband.  (Code Civ. Proc., sec. 1474; *Rich* v. *Tubbs*, 41 Cal.
34; *Estate of Boland*, 43 Cal. 640; *Estate of Headen*, 52 Cal.
294; *Herrold* v. *Reen*, 58 Cal. 443; *Watson* v. *His Creditors*, 58
Cal. 556; *Levins* v. *Rovigno*, 71 Cal. 273, 12 Pac. 161;
*Tyrrell* v. *Baldwin*, 78 Cal. 470, 21 Pac. 116; *Bollinger* v.
*Manning*, 79 Cal. 7, 21 Pac. 375; *Estate of Ackerman*, 80
Cal. 208, 13 Am. St. Rep. 116, 22 Pac. 141; *Estate of Gil-*

*more,* 81 Cal. 240, 22 Pac. 655; *Mechanics' Building & Loan Assn.* v. *King,* 83 Cal. 440, 23 Pac. 376; *Sheehy* v. *Miles,* 93 Cal. 288, 28 Pac. 1046; *Dickey* v. *Gibson,* .113 Cal. 30, 54 Am. St. Rep. 321, 45 Pac. 15; 121 Cal. 277, 53 Pac. 704; *Robinson* v. *Dougherty,* 118 Cal. 301, 50 Pac. 649.) The value of the homestead at the time of the husband's death is immaterial, if it was properly selected, though it was then in excess of $5,000. (*In re Burdick,* 76 Cal. 641, 18 Pac. 805; *Tyrrell* v. *Baldwin,* 78 Cal. 470, 21 Pac. 116; *Sanders* v. *Russell,* 86 Cal. 119, 21 Am. St. Rep. 26, 24 Pac. 852; *Dickey* v. *Gibson,* 113 Cal. 30, 54 Am. St. Rep. 321, 45 Pac. 15; 121 Cal. 277, 53 Pac. 704; *Robinson* v. *Dougherty,* 118 Cal. 301, 50 Pac. 649; *Estate of Herbert,* 122 Cal. 330, 54 Pac. 1109.)

COOPER, P. J.—Appeal from order setting apart a homestead.

The facts necessary to a decision of the question in this case are as follows: In November, 1883, Charles Patrick McCarthy duly executed and recorded a declaration of homestead upon the premises described in the petition. At the time of such recording the premises were community property of the said McCarthy and his wife, Ellen, and they resided thereon with their children. The value at that time was $2,000. The premises continued to be the home of McCarthy and his family until his death in January, 1903. In February, 1903, Ellen McCarthy, the widow, was duly appointed administratrix, took the oath, qualified, and ever since has been such administratrix. The estate is insolvent, and certain creditors have proven their claims, which have been duly allowed by the superior court, and are on file. An inventory and appraisement has been duly made and filed, in. which the said premises are appraised at the sum of $5,000. In June, 1903, the administratrix, duly filed her petition, praying for an order setting apart the premises to her as the surviving widow of deceased. . This petition was opposed by Mary Burke, a creditor of the estate, whose claim has been duly allowed and filed. Upon the trial, the court found that the homestead was, at the time of the death of McCarthy and at the time of the hearing, of the value of $8,000.

This finding may be regarded as immaterial if the homestead is, under the law, the property of the widow and exempt from execution, or other process, by the creditors of the estate.

If the homestead was exempt from execution it was the duty of the court to set it apart to the widow. (Code Civ. Proc., sec. 1465.)

The question for decision, as stated by appellant's counsel, is: "As against a protesting creditor of the estate, may the court set apart to the surviving wife the whole of a homestead selected by the husband during his lifetime from the community property, the said homestead having been of the value of $2,000 at the time of selection, and of the value of $8,000 at the time of the death, and ever since, and the estate being otherwise insolvent?"

Section 1474 of the Code of Civil Procedure provides: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests, on the death of the husband or wife, absolutely in the survivor."

This case comes within the language of the above-quoted section. It has been held in such case that the title vests, by operation of law, in the survivor immediately upon the death of the other spouse, without any order setting apart the homestead (*Baker* v. *Brickell*, 87 Cal. 339, [25 Pac. 489, 1067]; *Fisher* v. *Bartholomew*, 4 Cal. App. 581, [88 Pac. 608], and cases cited), and the title to such homestead could not be affected by a subsequent order of the court. (*Fisher* v. *Bartholomew*, 4 Cal. App. 581, [88 Pac. 608]; *Estate of Fath*, 132 Cal. 612, [64 Pac. 995].)

It is contended by appellant that, notwithstanding the language of the section quoted, the survivor gets title to the homestead subject to the provisions of the Civil Code as to reaching any excess in value beyond $5,000, by process in behalf of creditors of the deceased. In other words, it is claimed that to "vest absolutely in the survivor" does not mean to "vest absolutely," but to vest subject to the right of the creditors of the deceased to reach any excess of $5,000 in value. Such in our opinion is not the meaning of the section. We must read the sections of the codes together for the purpose of arriving at the intent and purpose of any particular provision. It is provided in the Civil Code, under the title relating to homesteads, section 1265, as follows: "From and after the time the declaration is filed for record, the premises therein

described constitute a homestead. If the selection was made by a married person, from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this title." This section adds the provision "subject to no other liability than such as exists, or has been created under this title," and again emphasizes the intention of the legislature by adding: "but in no case shall it be held liable for the debts of the owner, except as provided in this title." These provisions must be read into section 1474, Code of Civil Procedure.

We must then look to the liabilities created by the title on homesteads (Civ. Code, sec. 1241), and we there find the following:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"1. Before the declaration of homestead was filed for record and which constitute liens upon the premises.

"2. On debts secured by mechanics, contractors, subcontractors, artisans, architects, builders, laborers of every class, materialmen's or vendors' liens upon the premises.

"3. On debts secured by mortgages of the premises, executed and acknowledged by husband and wife, or by an unmarried claimant.

"4. On debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record."

The creditors' claim in this case does not come within the class enumerated in said section, and therefore the homestead is not subject to this liability.

It is claimed that the latter part of section 1474, Code of Civil Procedure, which provides: "In either case it is not subject to the payment of any debt, or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband and wife, except as provided in the Civil Code," is sufficient to

show that the intention was to allow general creditors to reach the excess in value over $5,000.

In our opinion such is not the proper construction of the statute. It evidently means the provisions of section 1241 of the Civil Code hereinbefore quoted. The particular provision of the code herein quoted with reference to homesteads upon the death of the husband or wife is the particular provision of the Civil Code that governs. It is a special provision relating to the very question as to where the title to the homestead vests in case of the death of the husband or wife.

Section 1476 of the Code of Civil Procedure seems to contemplate that if the homestead exceeded in value the sum of $5,000 at the time it was selected and recorded, the excess over $5,000 may be reached. This is evidently upon the theory that a homestead could not be valid upon premises which exceeded $5,000 in value at the time of the selection. It is not necessary to decide the question in this case, for the reason that it is not pretended that the premises were of the value of $5,000 at the time of the selection of the homestead. It is true that under the construction herein given the creditors of a deceased person would not have the right to reach the value of the homestead in excess of $5,000, which they could have reached during his lifetime, and are thus placed in a worse position by his death, but for this reason we cannot change the statute. A creditor is presumed to know the law, and its provisions in relation to homesteads and exemptions. The homestead being of record, and the code making provision as to where it should vest on the death of deceased, the debts were contracted with reference to the law and to the right of the widow to take the homestead free from such debts. The homestead was free from liability to general creditors at the time it became such. It continued so during the lifetime of deceased, unless it became of greater value than $5,000. It vested in the survivor entirely free from such liability, no matter what its value at the time of the death. The wife held in the nature of a joint tenant, with the right of survivorship.

The order is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1908.