Filed 2/16/22  Lebolt v. City and County of S.F. CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOHN W. LEBOLT et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>    Defendants and Respondents. | A161897<br><br>(City & County of San Francisco Super. Ct. No. CGC-19-581761)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the unpublished opinion filed on January 18 and modified on February 2, 2022, be further modified as follows:

On page 11, the first sentence of the first full paragraph, change "For one reason, the quiet title judgment in" to "As a preliminary matter, the quiet title judgment in[.]"

On page 11, the second sentence of the first full paragraph, unitalicize "*who were not parties*" and delete ", italics added".

On page 11, the last sentence of the first full paragraph change "Consequently, the State was bound by the judgment in *Lebolt I* despite not being a party to that action" to "Consequently, the Lebolts are bound by the

1

judgment in *Lebolt I* as against the State despite the State not being a party to that action."

There is no change in the judgment.

Dated: __02/16/22__                    _____TUCHER, P.J._____, P. J.

Filed 2/2/22  Lebolt v. City and County of S.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN W. LEBOLT et al., <br><br>        Plaintiffs and Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO et al., <br><br>        Defendants and Respondents. | A161897 <br><br> (City & County of San Francisco Super. Ct. No. CGC-19-581761) <br><br> **ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the unpublished opinion filed on January 18, 2022, be modified as follows:

On page 2, the first full paragraph, the fourth sentence, change "It also authorized the State to grant the railroad companies the right-of-way on a 200-foot wide strip of tidelands leading to the terminal site" to "It also granted the railroad companies the right-of-way on the 200-foot wide strip of tidelands leading to the terminal site."

There is no change in the judgment.

Appellants' petition for rehearing is denied.

Dated:   __February 2, 2022____                    ___TUCHER, P.J.____, P. J.

1

Filed 1/18/22  Lebolt v. City and County of S.F. CA1/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN W. LEBOLT et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>        Defendants and Respondents. | A161897<br><br>(San Francisco City & County Super. Ct. No. CGC-19-581761) |

In 2014, the Successor Agency to the Redevelopment Agency of the City and County of San Francisco (Successor Agency) and the City and County of San Francisco (City) filed an action to quiet title to real property consisting of tidelands.  John and Richard Lebolt filed a cross-complaint, alleging they owned the property.  The trial court concluded the Lebolts did not have title to the property and granted the City and Successor Agency judgment on the pleadings — a ruling this court affirmed in *Successor Agency to the Redevelopment Agency of the City and County of San Francisco v. Lebolt* ((Mar. 10, 2017, A145670) [nonpub. opn.] (*Lebolt I*) review den. Jan. 14, 2017, S241377).

Nearly three years after this court's decision, the Lebolts filed a complaint against the City, Successor Agency, the State of California (State)

1

and others (collectively, respondents), again seeking a declaration of their ownership of the same property based on the after-acquired title doctrine, a legal theory they did not assert in the 2014 litigation. The trial court concluded *Lebolt I* precluded the Lebolts from relitigating their title claim in a new proceeding, and it sustained respondents' demurrer without leave to amend. The Lebolts challenge that ruling on appeal. We affirm.

## BACKGROUND

### I. The Property[1]

The property at issue has a long history. An 1868 act authorized the survey and disposal of "certain salt marsh and tidelands belonging to the State, located in the City and County of San Francisco." (*Southern Pacific Co. v. City and County of San Francisco* (1964) 62 Cal.2d 50, 51–52 [citing Stats. 1867–1868, ch. 543, p. 716 (Act of 1868)].) The Act of 1868 granted 60 acres of tidelands to two railroad companies to use for their terminals. It also authorized the State to grant the railroad companies the right-of-way on a 200-foot wide strip of tidelands leading to the terminal site. The right-of-way

---

[1] While this case was being briefed, respondents filed a request for judicial notice of several documents, and we deferred a ruling until the merits of the appeal. We now partially grant respondents' request and take judicial notice of *Lebolt I, supra*, A145670 (document 1), the judgment in *Successor Agency, et al. v. All Persons*, San Francisco Superior Court case No. CGC-14-541901 (document 7), and the trial court records in *Lebolt I*, San Francisco Superior Court case No. CGC-14-541532 (documents 21–24, 26–27, 29–30). (Evid. Code, § 452, subd. (d) [courts may take judicial notice of court records].) We deny respondents' request for judicial notice of the remaining records, leases, maps, and deeds since they do not bear on our analysis. (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.) The facts are taken from the Lebolts' complaint and these court records. (Cal. Rules of Court, rule 8.1115(b)(1); *Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 225 [judicial notice of court records proper when considering demurrer based on claim preclusion].)

traversed tideland blocks, including five blocks to which the Lebolts assert ownership (the Property). Pursuant to the Act of 1868, the right-of-way reverted to the State if the railroad companies abandoned or ceased using it. (Stats. 1867–1868, ch. 543, §4, pp. 718–719.)

The railroad companies did not use the right-of-way and eventually stopped paying property taxes to the City on the land; in 1914, the City sold it to Hugo Newhouse by a tax deed (1914 Tax Deed). Shortly after, Newhouse transferred various tideland blocks, including the Property, to Henry Whitley, the Lebolts' great-grandfather. In 1917, Newhouse secured a judgment to quiet title, establishing his and his grantees' title to the Property. The court issued a decree (1917 Decree), providing that "Whitley is now, and ever since said August 12, 1914, has been the owner of . . . and in the actual . . . undisputed possession of said property . . . ."

The State, however, continued to exert control over these railroad lands. In 1958, pursuant to legislation, the State conveyed a portion of the reverted railroad land — including a section of the Property — to the City. In 1969, pursuant to other recently enacted legislation, the State transferred its remaining tidelands, including other parcels of the Property, to the City. After 1969, the City, State and their respective agencies purportedly conveyed parcels, including parcels of the Property, back and forth to each other by quitclaim deeds.

## II.    *Lebolt I*

In 2014, the City and Successor Agency filed a complaint against all persons to establish their title to three parcels, including portions of the Property. The Lebolts answered and filed a cross-complaint, alleging their ownership of *all* the Property based on the 1914 Tax Deed. The Successor Agency and City moved for and were granted judgment on the pleadings.

3

The trial court concluded the 1914 Tax Deed did not convey title to the Lebolts' predecessor because the State, not the City, owned the Property in 1914. Neither the 1914 Tax Deed nor the 1917 Decree divested the State of ownership. Thus, the Lebolts had no possible valid claim to the Property. The court dismissed the Lebolts' answer and cross-complaint with prejudice. It issued a judgment establishing the City's title to one parcel of the real property, and the Successor Agency's title to two other parcels, based on the State's subsequent conveyances. The judgment "perpetually barred, enjoined and estopped" all persons from asserting any right, title, interest, or claim in this property. This court affirmed the judgment. (*Lebolt I, supra*, A145670.)

## III. The Present Litigation

In 2019, the Lebolts filed a complaint against respondents, seeking declaratory relief confirming the Lebolts' title to the Property based on the after-acquired title doctrine. Under that doctrine, if a grantor purports to convey property he does not own but later acquires, the property then passes to the grantee at the time the grantor acquires the property. (Civ. Code, § 1106.) According to the Lebolts, the City conveyed the Property, which it did not own, to Newhouse in the 1914 Tax Deed. But the City later obtained title to the Property as a result of the State's 1958 and 1969 conveyances to the City. Under the after-acquired title doctrine, the Lebolts argued, the Property's title automatically passed to them by operation of law.

Respondents demurred on several grounds, including claim preclusion.[2] The trial court agreed *Lebolt I*, a final decision on the merits, precluded the

---

[2] Although the parties use the term "res judicata" (as did the trial court in its statement of decision), we use the preferred term "claim preclusion." (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 [noting the preferred practice of referring to "claim preclusion" rather than "res judicata"].)

4

Lebolts' claim of ownership because the cause of action and the parties were the same in both proceedings. The court also noted they failed to assert the after-acquired title doctrine, a new legal theory rather than a new primary right, in the prior litigation. The court thus sustained the demurrer without leave to amend and dismissed the complaint with prejudice.

## DISCUSSION

The Lebolts challenge the trial court's order sustaining the demurrer without leave to amend, arguing claim preclusion does not prohibit their claim that they own the Property under the after-acquired title doctrine. We disagree.

## I.    Standard of Review and Claim Preclusion

When reviewing an order sustaining a demurrer, we examine the complaint de novo to determine whether it states facts sufficient to constitute a cause of action. (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.) "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken." (*Ibid*.) "We construe the pleading in a reasonable manner[,] . . . read the allegations in context," and affirm if the judgment is correct on any ground stated in the demurrer. (*Ibid*.) Plaintiffs must demonstrate the trial court erred in sustaining the demurrer. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) If the demurrer was sustained without leave to amend, we determine whether there is a reasonable possibility the plaintiffs could cure the defect with an amendment. (*Dones v. Life Ins. Co. of North America* (2020) 55 Cal.App.5th 665, 676–677.)

5

Claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) "Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) "The court may sustain a demurrer on claim preclusion grounds '[i]f all of the facts necessary to show that the action is barred are within the complaint or subject to judicial notice.' " (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1191.)

## II.    Analysis

The Lebolts do not dispute the *Lebolt I* judgment was final and on the merits. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793 (*Boeken*).) Instead, they argue the cause of action and the parties in their current complaint are different from those in *Lebolt I*. Like the trial court, we conclude the complaint and judicially noticed facts show the Lebolts' after-acquired title claim is barred. (*Thompson v. Ioane*, *supra*, 11 Cal.App.5th at p. 1191.)

### A. Cause of Action

The Lebolts contend the cause of action in *Lebolt I* — asserting title to the Property under the 1914 Tax Deed — differs from the cause of action in their current complaint — asserting title to the Property under the after-acquired title doctrine. We disagree.

#### 1. *Same Primary Right*

A "cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory" presented. (*Boeken*, *supra*, 48 Cal.4th at p. 798.) Causes of action are the same "if based

6

on the same primary right." (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 325.) "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken*, at p. 798.)

The previous and current litigation involves the same primary right — a determination of who owns the Property.[3] In *Lebolt I*, the Lebolts' cross-complaint against the City and Successor Agency alleged the Lebolts had fee simple title to the Property dating back to 1914, based on the 1914 Tax Deed. Their current complaint against respondents —including the City and Successor Agency — alleges they have a fee simple title to the Property dating back to *2017*, based on the after-acquired title doctrine.[4] Despite different theories of recovery and other minor differences,[5] both complaints sought redress for the same harm, i.e., the Lebolts' purported ownership of the Property against claims of adverse title. (*Tensor Group v. City of*

---

[3] During oral argument, and for the first time in this appeal, the Lebolts' counsel argued claim preclusion does not apply here because the property at issue here is different from the property in *Lebolt I*. We decline to consider this new argument. (*New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, 1098 ["[n]ew issues cannot generally be raised for the first time in oral argument"].) Counsel's statement further conflicts with the Lebolts' opening brief, which noted "the Instant Case relates generally to the same property (the 'Property') as in the Prior Case, as described in the Lebolts' Complaint."

[4] As discussed further below, the Lebolts take the position that the facts giving rise to the after-acquired title doctrine did not exist until this court issued its 2017 decision in *Lebolt I*.

[5] We do not address the Lebolts' argument that the harm and the wrongs in the two proceedings are different. They failed to raise these arguments in the trial court, thus forfeiting them on appeal. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) In any event, their arguments fail for the same reasons stated above. (*Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160.)

*Glendale*, *supra*, 14 Cal.App.4th at p. 160 [" 'if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery' "].)  Asserting a new legal theory — the after-acquired title doctrine — does not present a new cause of action.  (*Boeken*, *supra*, 48 Cal.4th at p. 798 ["determinative factor is the harm suffered" in primary rights analysis, not the legal theories].)  The causes of action are the same.

2. *Same Facts*

The Lebolts insist their after-acquired title claim is based on new facts that "did not exist before or during" *Lebolt I*, thus the prior judgment does not preclude this claim.  (*Planning & Conservation League v. Castaic Lake Water Agency*, *supra*, 180 Cal.App.4th at p. 227 [prior judgment does not bar a subsequent action "when 'there are changed conditions and new facts which were not in existence at the time the act was filed upon which the prior judgment is based' "].)  According to the Lebolts, their after-acquired title claim required several facts:  a grantor issuing an ineffective grant deed, and the grantor later acquiring title to property identified in the ineffective grant deed.[6]  They argue it was the *Lebolt I* judgment that established the State owned the Property at the time of the 1914 tax sale and that the 1914 Tax Deed was thus invalid — "new facts [that] arose after [*Lebolt I*] ended."  Thus, in the Lebolts' view, they could not have asserted an after-acquired title claim in the prior proceeding.  This argument is meritless.

---

[6] "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors."  (Civ. Code, § 1106.)

8

The facts for the Lebolts' after-acquired title claim long predate the filings and judgment in *Lebolt I*. The Act of 1868 authorized the State to grant the railroad companies a right-of-way on land that included the Property, but it also provided the land would revert to the State if the railroad companies abandoned or ceased to use it. (Stats. 1867–1868, ch. 543, §4, pp. 718–719.) The railroad companies' failure to use the Property for railroad purposes triggered a reversion to the State. The State thus continuously owned the Property until it conveyed the parcels to the City in 1958 and 1969 pursuant to legislation. Rather than creating new facts, the decision of the trial court and this court in *Lebolt I* merely resolved as a matter of law the conflict in the parties' competing allegations. (*Sykora v. State Dept. of State Hospitals* (2014) 225 Cal.App.4th 1530, 1534–1535 [describing effect of judgment on the pleadings].)

Moreover, the City and Successor Agency's complaint alleged all these foregoing facts. Thus, the Lebolts should have known the 1914 Tax Deed might be invalid and could have thus asserted their after-acquired title claim in the prior proceeding. (*Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150, 156 [claim preclusion applies where "plaintiff knew or should have known of the claim when the first action was filed"].) There was nothing preventing the Lebolts from asserting title to the Property under alternative arguments — ownership under the 1914 Tax Deed and, if the 1914 Tax Deed was void, the after-acquired title doctrine.[7] (See, e.g.,

---

[7] Lebolts contend that pleading the after-acquired title doctrine in the prior proceeding would have violated the rule that allegations and other factual contentions have evidentiary support. This argument is raised for the first time on appeal, and we decline to consider it. (*Mattco Forge, Inc. v. Arthur Young & Co.*, *supra*, 52 Cal.App.4th at p. 847.) We do not exercise our discretion to consider this purely legal question here. (*Resolution Trust Corp. v. Winslow* (1992) 9 Cal.App.4th 1799, 1810.)

*Dean v. City of San Diego* (S.D.Cal. 1921) 275 F. 228, 231 [plaintiff claiming title under a deed from the city was valid, and alternatively if it was not valid, the deed conveyed after-acquired title when the city later acquired the property].)  This claim was not contingent on the *Lebolt I* judgment, contrary to the Lebolts' arguments otherwise.  (Civ. Code, § 1106 [after-acquired title passes to grantee by operation of law]; *Fisher v. Bartholomew* (1906) 4 Cal.App. 581, 583 [phrase "by operation of law" means it does not require a court order to perfect title].)  None of the Lebolts' remaining arguments or cited authorities compel a different result.  The Lebolts failed to raise the after-acquired title claim in *Lebolt I*.  Because a party " 'cannot by negligence or design withhold issues and litigate them in consecutive actions,' " they are precluded from litigating their after-acquired title claim in a new proceeding. (*Allied Fire Protection v. Diede Construction, Inc.*, *supra*, 127 Cal.App.4th at p. 156.)

### B. Privity

The Lebolts next contend claim preclusion should not apply here because the State was not a party to *Lebolt I*.  We disagree.

Claim preclusion bars litigating a second suit "between the same parties *or parties in privity with them*." (*Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 896, italics added.)  Privity "requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 826.)  The party and nonparty's interest must be so similar "that the party acted as the nonparty's ' " 'virtual representative' " ' in the first action." (*Ibid.*)  Rather than embracing the relationship between persons, privity in the context of claim preclusion

10

" ' "deals with a person's relationship to the subject matter of the litigation." ' " (*Castillo v. Glenair, Inc.* (2018) 23 Cal.App.5th 262, 277, 280, italics omitted [party and nonparty had the same interest in plaintiffs' wage and hour cause of action since both were involved in and responsible for paying plaintiffs' wages].)  Under the circumstances present here, we have no difficulty determining privity existed.

For one reason, the quiet title judgment in *Lebolt I*, once final, was " 'good against all the world as of the time of the judgment.' " (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 944.)  "With only a few narrow exceptions [citations], a judgment in a quiet title action is 'binding and conclusive on all . . . persons . . . [¶] . . . known and unknown who were parties to the action [and] . . . [¶] . . . all persons *who were not parties* to the action.' " (*Ibid.* [citing Code Civ. Proc., § 764.030], italics added.)  Consequently, the State was bound by the judgment in *Lebolt I* despite not being a party to that action.

Moreover, the City's and Successor Agency's interests in the prior litigation and the State's interests in the current litigation are identical — establishing the State's initial ownership of the Property and confirming the validity of its subsequent actions regarding the Property.  The City adequately represented those interests, i.e., establishing the State's longstanding tideland ownership through legislation and quitclaim deeds, and establishing the invalidity of the 1914 Tax Deed.  That the parties share common interests is further demonstrated by the State Lands Commission's submission of an amicus brief in *Lebolt I*, which expressed the State's interest in ensuring its conveyance to the City was undisturbed by the Lebolts' claim.[8]

---

[8] The State Lands Commission amicus brief was filed in this court in *Lebolt I, supra,* A145670, and on our own motion we take judicial notice of

11

Thus, the fact that the State was not a party to *Lebolt I* is of no moment with regard to the application of claim preclusion.

In sum, the Lebolts do not demonstrate any error in the trial court's ruling that their after-acquired title claim is barred under claim preclusion.[9]

## III.  Leave to Amend

Finally, the court properly sustained the demurrer without leave to amend.  (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 44.)  The Lebolts failed to state a cause of action that is not barred under claim preclusion principles, and they do not demonstrate a reasonable possibility a further amendment could cure this defect.  (*Dones v. Life Ins. Co. of North America*, *supra*, 55 Cal.App.5th at p. 677 [plaintiff must demonstrate amendment could cure defect].)

## DISPOSITION

The judgment is affirmed.

---

our court record.  (Evid. Code, §§ 452, subd. (d), 459; *People v. Berg* (2019) 34 Cal.App.5th 856, 860, fn.1 [appellate court sua sponte taking judicial notice of the record from a prior appeal].)

[9] In light of this conclusion, it is unnecessary to address the City's additional grounds in support of sustaining the demurrer.  (*Kahan v. City of Richmond* (2019) 35 Cal.App.5th 721, 730 [appellate courts may affirm an order sustaining the demurrer on any proper ground].)

12

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Petrou, J.


A161897